[L. A. No. 9332. In Bank.—August 11, 1927.]

CHARLES L. PORTER, Appellant, v. CHARLES R. MILLER et al., Respondents.

[1] APPEAL — FINDINGS — CONFLICTING EVIDENCE—DOCUMENTARY EVIDENCE—RULE.—An appellate court will not disturb a verdict of a jury or findings of a court when there is a substantial conflict of evidence on material points if there is some evidence to support the verdict or findings; and the existence of documentary evidence does not prevent application of this rule.

[2] CONTRACT — PURCHASE OF APARTMENT HOUSE — RESCISSION—ALLEGED FRAUD.—In an action to rescind an agreement for the purchase and sale of an apartment house, where the sole ground for rescission urged is fraud and the trial court finds upon sufficient evidence that plaintiff was not defrauded, it is immaterial whether or not an alleged offer of restoration by plaintiff was made in proper form or due time and whether sufficient notice of rescission was given.

[3] APPEAL—IRREGULARITY—LACK OF PREJUDICE.—Errors and irregularities in a verdict or findings which are without prejudice will not justify a reversal; and if a judgment is amply supported by findings which are unquestionable, the findings on other issues become immaterial, and it is not ground for reversal that such other findings are unsupported by evidence or are uncertain or otherwise defective.

———

(1) 4 C. J., p. 884, n. 37.    (2) 4 C. J., p. 1057, n. 85.    (3) 4 C. J., p. 1056, n. 79.

1.  See 2 Cal. Jur. 921, 931.
2.  See 2 R. C. L. 1028.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. Wiley, Hewitt, Ford & Crump, Hewitt, Ford, McCormick & Crump and Charles L. Porter, *in pro. per.*, for Appellant.

Haas & Dunnigan and H. E. Forster for Respondents.

PRESTON, J.—Plaintiff seeks by this action to rescind an agreement made by him with defendants for the purchase and sale of an apartment house located in Los Angeles, California, the amended complaint alleging that he was induced to enter into said contract by false and untrue representations about material matters made to him both by defendants and their agents, Kells & Grant, the real estate firm through whom the deal was consummated, said alleged material misrepresentations mainly relating to the income, gross and net, derived from said apartment house, the number of vacancies therein during 1924, the year preceding the purchase, and failure to accord plaintiff an opportunity to inspect the books of said apartment house as to income and expenditures prior to consummation of the transaction.

The trial court found in substance that the books and records of said apartment house, particularly the monthly record sheets and expense sheets for the year 1924, were voluntarily exhibited to plaintiff in the presence of C. L. Edwards, a representative of Kells & Grant, and that plaintiff did, on that occasion and on a number of occasions thereafter prior to consummation of the deal, inspect same and make such memoranda therefrom as he desired; that there were only the usual vacancies in said apartment house during the year 1924, such vacancies not exceeding 12.75 per cent of the entire available time; that plaintiff in entering into said contract did not rely upon representations alleged to have been made by defendants and their agents that the annual gross rentals received from said property were $26,000, or any other representations relative to income therefrom, but that prior to consummating the

transaction on a number of occasions while the matter was in escrow, plaintiff had access to and saw certain documents showing the gross income from said premises for 1924 to be $25,377.52, which documents upon careful rechecking showed gross receipts for the year to be $25,716.55, and the gross income from rentals to be $21,847.70; that the representations made by defendants were not untrue and were not made with the intent to induce plaintiff to enter into said contract, escrow, or transaction. The court accordingly gave judgment for defendants, from which plaintiff has prosecuted this appeal.

[1] Conceding the correctness of the principle that "A judgment cannot be reversed because the evidence is conflicting. On the contrary, the rule is established by a host of decisions that an appellate court will not disturb a verdict of a jury or findings of a court when there is a substantial conflict of evidence on material points and when there is some evidence to support the verdict or findings" (2 Cal. Jur., sec. 543, p. 921), appellant nevertheless asserts that this rule has no application in this case, as the evidence here is without real conflict in that all testimony for defendants may be paraphrased into the four short words "He saw the books," whereas appellant's testimony is supported by documentary evidence, such as the following proviso, which was written in the printed form of contract executed February 7, 1925: "This contract is subject to verification of rentals and expenses as furnished purchaser, all books and records of owner to be open for inspection for that purpose," said proviso tending to prove that plaintiff had not seen any books or records prior to that date; likewise telegram of March 10, 1925, from appellant to defendants' agents requesting that verified statement of annual rents be filed with escrow and demanding revision of contract if less than $26,000 annually; otherwise rescission and return of deposit. Appellant also calls attention to apparent variances in affidavits made by defendant Charles R. Miller relative to income upon filing his license tax and income tax returns.

It is true that the conflict in the evidence must be real and substantial upon material points, but such true conflict is clearly shown here. There is abundant evidence to support the findings and judgment. The showing made by

appellant is directly contradicted by the testimony not only of defendants but of members of the real estate firm, and particularly C. L. Edwards. The existence of documentary evidence does not prevent application of the rule above set forth. As said in 2 Cal. Jur., sections 547, 548, pages 931, 932: "It has been contended that the rule of 'conflict' does not apply where the evidence is documentary, and that in such case the appellate court should weigh and measure it by the same standard that the trial court is required to apply. But in view of the fact that one of the reasons for the rule is the essential distinction between the trial and appellate courts as to their functions to decide questions of fact, such a contention is untenable, and it has been so held."

[2] Criticising at length the memorandum opinion of the trial court, appellant attacks the finding to the effect that his purported offer to restore fell short of the requirements of our code with respect to rescission. Under the circumstances such finding can in no way prejudice or injure the rights of appellant, and it becomes unnecessary for us to pass upon its merits. The sole ground of rescission urged is fraud. We have hereinabove upheld the finding that appellant was not defrauded. Hence on this appeal it is immaterial whether or not the alleged offer to restore was made in proper form or due time, or whether or not a certain letter dated April 28th from appellant to defendants constituted sufficient notice of rescission. Lacking convincing proof of misrepresentation and fraud, the attempted rescission must in any event fall.

[3] Appellant also attacks finding III, relative to scope of authority of Kells & Grant and their employees as agents of defendants; finding V, which apparently contains an erroneous statement that plaintiff called to look at said apartment house in response to advertisement of February 1, 1925, whereas plaintiff first looked at said apartment house during the Christmas holidays of 1924; finding IX, with reference to purported offer of restoration; and other findings in general as being without support in the record. The matters urged here are so trivial that but a brief reference to them will suffice. We perceive no error in any finding which has resulted in a miscarriage of justice or which has prejudiced or injured the rights of appellant.

As a whole the findings are consistent and amply supported by the evidence. "Errors and irregularities in a verdict or findings which are without prejudice will not justify reversal. . . . But if a judgment is amply supported by findings which are unobjectionable, findings on other issues become immaterial, and it is not ground for reversal that such other findings are unsupported by evidence or are uncertain or otherwise defective." (2 Cal. Jur., sec. 612, pp. 1028, 1029.)

Judgment affirmed.

Curtis, J., Waste, C. J., Shenk, J., Seawell, J., Richards, J., and Langdon, J., concurred.