[Civ. No. 9960. First Appellate District, Division One.—October 9, 1935.]

In the Matter of the Estate of FRANCESCO FILIPPI, Deceased. VITTORIA FILIPPI SAVIGLIANO, Appellant, v. JOSEPH FILIPPI, Respondent.

W. S. Solari, Albert Picard and Francis M. McCarty for Appellant.

C. Harold Caulfield for Respondent.

TYLER, P. J.—The question involved in this appeal is whether the evidence is sufficient to support the finding that a deed to certain real property executed and delivered to respondent was a gift which passed full and complete title to the property and the avails thereof.

The facts show that deceased, Francesco Filippi, was the father of nine children, and prior to his returning to Italy in 1915 was a resident of San Francisco, at which time he was the owner of two parcels of real property situated therein. By deed, absolute in form, executed in Italy on May 22, 1922, he conveyed one of these parcels by gift to his son Guiseppe Filippi, also known as Joseph Filippi. The property was

subsequently sold by the donee in 1923 for the sum of $5,000. The father, Francesco Filippi, died testate in Italy on the twenty-fourth day of April, 1929. His will was admitted to probate and the son Joseph was appointed administrator with the will annexed. In due course the administrator filed his final account for settlement, together with a petition for distribution of the estate. Vittoria Filippi Savigliano, a daughter of the deceased and a legatee under his will, filed objection to the account and petition for the reason that the avails of the sale of the property conveyed to the son Joseph were not accounted for. The court overruled the objection and distributed the estate in the manner prayed for.

As above indicated, the only question here involved is whether or not the evidence is sufficient to support the finding that deceased in his lifetime made a gift of the property in question to his son Joseph, the administrator herein. In support of her contention that the finding is unsupported, appellant relies upon expressions contained in letters written by the son to his father subsequent to the transfer of the property, and she also relies upon facts and circumstances relating to the disposition of the funds received by the son, as supporting her contention that the transfer in question was made to enable the son to conveniently sell the property for the benefit of his father, and as his trustee, and that the father never intended to part with the property or the proceeds of the sale thereof. We do not deem a recital of the correspondence between the father and son to be necessary. Suffice it to say that there are many expressions and references to certain facts and circumstances in this correspondence, particularly with reference to the avails received from the sale of the property, from which an inference could be drawn to support appellant's contention. There are other expressions in the correspondence, however, which support respondent's contention that there was a completed conveyance. In addition thereto respondent testified that his father had made him a gift of the property, and other evidence was to the effect that the father had intended to leave all his property to respondent as his other children had shown no interest in his welfare. It is not the province of an appellate court to disturb the findings of the trial court even though it should believe that the preponderance of the evidence seems to be against the findings, nor will they be disturbed although they appear to be

against the weight of the evidence. (*Lutz* v. *Merchants Nat. Bank,* 179 Cal. 401 [177 Pac. 158].) ██ Under the code the direct evidence of one witness who is entitled to full credit is sufficient to prove any fact except perjury or treason and is necessarily sufficient to create a substantial conflict in the evidence regardless of inferences supporting testimony to the contrary (*Thom* v. *Stewart,* 162 Cal. 413 [122 Pac. 1069]), nor does the existence of documentary evidence prevent the application of the rule. (*Porter* v. *Miller,* 201 Cal. 750 [258 Pac. 595].) ██ In considering an appellant's claim of the insufficiency of the evidence, it is the court's duty to so construe the evidence as to support the contentions of respondent to the extent that it is fairly susceptible of such construction, and in cases of conflict to accept as true that evidence which tends to support the finding, unless it is inherently so improbable as to be palpably false. (*Gett* v. *Pacific Gas & Electric Co.,* 192 Cal. 621 [221 Pac. 376] ; *Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713].) In short, testimony in support of a finding, although contradicted, must on appeal be given the same weight as though uncontradicted, for the reason that findings on conflicting evidence are conclusive on an appellate court. (*Estate of Shay,* 196 Cal. 355 [237 Pac. 1079].) This rule is so firmly established as to amount to a maxim. ██ Appellant stresses the fact that the deceased bequeathed money in a certain bank in San Francisco to petitioner herein, which amount it is claimed was part of the sum received from the sale of the property. Aside from what we have said concerning a conflict in the evidence, it is manifest that if, as the court found, there was an absolute transfer of the property to respondent it was beyond the power of the grantor to recall the same.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.