[L. A. No. 16879.   In Bank.—July 31, 1941.]

ANNA BAUMANN et al., Respondents, v. HENRY G. BEDFORD et al., Appellants.

C. E. Spencer and Henry O. Wackerbarth for Appellants.

Thomas F. McCue for Respondents.

CURTIS, J.—This is an appeal from an order appointing a receiver to take charge of certain real property in the city of Los Angeles, and to operate and control said real property until the further order of the court. There is located on said real property a thirteen-story building, which is principally used as a hotel or club. The real property in controversy was subject to a deed of trust given to secure the payment of $500,000, represented by 225 promissory notes or bonds (we will refer to these instruments as promissory notes) of various denominations ranging from $500 to one for $100,-

000. Each note bore interest at the rate of seven per cent per annum and became payable on May 1, 1935. The makers of said notes were in default in the payment of said notes. Proceedings were instituted to foreclose said deed of trust, and after proceedings duly had, said real property was sold to the various owners and holders of said notes, some seventy-five in number. The identity of a number of said owners was unknown, and for that reason no deed had been executed by the trustee under said sale at the date of making said order appointing a receiver. Thereupon the plaintiffs in this action, being the owners and holders of a large number of said notes at the date of the sale of said property to the trustee and at the date of the commencement of this suit, brought this action in partition in behalf of all the owners of said notes, and made all the other known and unknown owners of said notes, the latter sued under fictitious names, parties defendant in said action.

In plaintiffs' amended complaint they asked that the property be sold and the proceeds divided *pro rata* among the owners and holders of said promissory notes. Plaintiffs also asked for a receiver to take charge of said property and to manage and operate the same for the benefit of all the parties to said action. Upon the amended complaint, which was duly verified by the plaintiff Anna Baumann, and upon three affidavits of plaintiffs' attorneys, the court on December 17, 1937, made an *ex parte* order appointing H. F. Metcalf receiver as prayed for in said amended complaint, and further ordered that defendants appear before said court on December 23, 1937, to show cause why said appointment should not be made permanent. The appeal is from this order, and notice of appeal was served and filed on December 27, 1937.

■ It does not appear what, if any, action the court took on December 23, 1937, the date fixed for the hearing of the order to show cause why the order appointing the receiver should not be made permanent. If the court on the return day of the order to show cause refused to make the order of December 17, 1937, permanent, then the last named order would in our opinion fall of its own weight, as a reading of said order would indicate that it was only temporary in character and would only continue until the permanent order was made. On the other hand, if the court on December 23, 1937, made its previous order of December 17, 1937, perma-

nent, then this later order would be controlling, and if the appellants were dissatisfied with its requirements, they should have appealed from it, rather than from the temporary order of December 17, 1937. However, neither of the parties has presented this point, and each side appears to regard the order of December 17, 1937, as decisive of their rights in the premises; and for that reason we will so consider it, and in the consideration of the issues raised by the parties, we will confine our discussion to the question of the validity of the order of December 17, 1937.

In addition to the foregoing facts, it appears that said real property was subject to a second deed of trust subsequently executed and recorded after the recordation of said first deed of trust referred to above. This second deed of trust was given to secure the payment of a promissory note for $5,000. Default having been made in the payment of said note, an action was brought to foreclose said deed of trust, and after a sale of said property under the power of sale in said second deed of trust, the purchasers thereunder brought an action in unlawful detainer against the parties in possession of said real property to recover its possession. This action was entitled *"Townsend* v. *Perry"*. Two receivers were appointed in said action to take charge of said real property. That action and the present action were pending in the same court and were before the same trial judge. After the sale under the first deed of trust and upon the petition of Anna Baumann, one of the plaintiffs herein, the court in said action of *"Townsend* v. *Perry"* and on December 10, 1937, made an order directing the receivers theretofore appointed in said action of *"Townsend* v. *Perry"* to turn over and deliver said real property to the purchasers thereof at the sale under said first deed of trust. Thereafter, as before noted, the court on December 17, 1937, made said order appointing H. F. Metcalf receiver of said real property and to manage, operate and control the same. The parties to said unlawful detainer action were made defendants in this action, and they have perfected this appeal from said order of December 17, 1937. The trustee who made the sale under said deed of trust and many of the defendant purchasers of said real property have all acquiesced in the order appointing said receiver, and the only appellants are the parties in the action of *"Townsend* v. *Perry."*

It is first contended that the trial court had no jurisdiction to appoint a receiver to take possession of property from the receivers theretofore duly appointed.

The order appointing the receiver in the present action was self-executing (*Hibernia S. & L. Soc.* v. *Belcher,* 4 Cal. (2d) 268 [48 Pac. (2d) 681]), and its effect was to discharge the receivers theretofore appointed and who had been ordered to turn the property over to the plaintiffs and the other purchasers at the sale under said first deed of trust. (*Von Roun* v. *Superior Court,* 58 Cal. 358.) In that case the sheriff held the property involved in that action as receiver under the Insolvency Act of 1880. The court subsequently appointed a receiver of the property of the insolvent, and the sheriff was directed to turn the property over to said subsequently appointed receiver. It was contended that there could not be two receivers of the same property, and that the court was without jurisdiction to appoint a second receiver. In answer to this contention the court said at page 359: "This does not mean that the Court can not appoint two persons as Receivers to act jointly, or that it can not take property out of the hands of one Receiver and place it in the hands of another. The order directing the Sheriff to hand over the property in his hands to the Receiver, in effect discharged the Sheriff as Receiver, regarding him as such."

Appellant relies upon the case of *Fischer* v. *Superior Court,* 110 Cal. 129 [42 Pac. 561], for support of its present contention. In that case a receiver had been appointed to take charge of certain mining property in the county of Tuolumne, and while said action was still pending in said county and said receiver was in the possession of said property, another action similar to the prior action was filed in the Superior Court of the City and County of San Francisco, and an order was made in this second action appointing a receiver of the same property. It was held in that case that one court had no power to appoint a receiver where a receiver had already been appointed by another court with equal jurisdiction, and was in possession of the property in dispute at the time of the second appointment. That case differs materially from the instant one in that in the present case both actions were before the same court, presided over by the same judge, who first made an order directing the re-

ceivers appointed in the first action to turn the property over to the lawful owners thereof, and then upon the petition of the plaintiffs herein, acting for themselves and other lawful owners, appointed a receiver to take charge of and operate said property. In our opinion there is no question that the trial court had jurisdiction to make such order. It is useless to take the time to distinguish the other authorities cited by the appellants in support of their contention that the court was without the power to appoint the present receiver, as in none of them was the second receiver appointed in the same court and by the same judge, and after the judge had ordered the first receiver to turn over the property in his possession to a receiver subsequently appointed, thus terminating the prior receivership.

██ It is further contended that the necessary parties were not present in the present action to give the court jurisdiction to proceed in the consideration of any phase of the case, and particularly in the proceeding for the appointment of a receiver. The basis of this contention is that this is an action for partition of real property and all of the lawful owners of said real property were not made parties to the action, and therefore were not before the court when said order was made. The amended complaint shows that the names of many of said owners and their whereabouts had not been ascertained, and for that reason the deed from the trustee after making the sale under said deed of trust had not been executed. It is alleged in said amended complaint, and not denied, that all of the plaintiffs in this action were owners of notes secured by said trust deed, and that all the other known owners of said notes not joined as plaintiffs were made defendants in said action, together with unknown owners under fictitious names. We, therefore, think this was a sufficient pleading in a partition action, and even if by some chance an owner has been omitted, the appellants cannot complain of such omission. Whatever right any omitted unknown owner might have in the final determination of the action would depend upon the proceedings leading up to the rendition of the final judgment by the trial court. It is no concern of appellants. Besides this is a representative suit brought by the plaintiffs ''for the purpose of ascertaining the respective rights of the plaintiffs and defendants in said property, and of the rights of unknown and unascertained

persons therein as holders of said bonds." With this record before us, there can be no question in our opinion that all necessary parties were before the court at the time the order appointing the receiver was made, in order to give the court jurisdiction to make said order. (Section 382 of the Code of Civil Procedure; *Moore* v. *Bowes*, 8 Cal. (2d) 162 [64 Pac. (2d) 423]; *Farmers' & Merchants' Nat. Bank* v. *Peterson*, 5 Cal. (2d) 601 [55 Pac. (2d) 867].) ■ It is true that the court ordered the receivers appointed in the first action to surrender the property in their custody to the purchasers under the first deed of trust, and appellants complain that the receivers are unable to comply with this order until they know who the purchasers are. This statement is true in part, and no doubt that was one reason that prompted the court to appoint a receiver to take possession of said property and operate the same for and on behalf of all said purchasers, known and unknown.

The foregoing statement answers appellants' last contention, which is that there is no allegation of fact in the amended complaint showing any ground for the appointment of a receiver. In addition to this statement, the amended complaint shows that all right, title and interest of all the parties in the action of *"Townsend* v. *Perry,"* both plaintiffs and defendants, for whom the receivers appointed in that action were ordered, were wiped out by the sale of the property under the prior deed of trust. The sale was absolute without any right of redemption by appellants or any other person. There was nothing, therefore, for the receivers in this prior action to act upon. For that reason the trial court ordered them to surrender the property to the purchasers under the sale by the trustee, and because of the condition existing among these purchasers, the trial court made its further order appointing the receiver to take and hold possession of the property for said purchasers. In our opinion this order of the court was legal and proper.

The order appealed from is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Appellants' petition for a rehearing was denied August 25, 1941.