[L. A. No. 16873. In Bank.—July 31, 1941.]

B. W. GOES, Plaintiff, v. WILL H. PERRY, Appellant;
ANNA BAUMANN, Respondent.

C. E. Spencer for Appellant.

Thomas F. McCue for Respondent.

CURTIS, J.—The appeal in this action is from an order appointing a receiver of the furniture, furnishings and fixtures contained in the thirteen-story building for which a re-

ceiver was appointed, and the order making such appointment was affirmed by this court in the case of *Baumann* v. *Bedford*, L. A. No. 16879 (*ante*, p. 366 [115 Pac. (2d) 437]), in an opinion this day filed.

The present action is one in claim and delivery to recover possession of said furniture, furnishings and fixtures and was brought by the plaintiff, a purchaser under a deed of trust, against the defendant Will H. Perry, who, it is alleged, unlawfully withholds possession of said property from plaintiff. The respondent, Anna Baumann, intervened in said action, claiming that the money used to purchase said property at the trustee's sale thereof was wrongfully appropriated from a trust fund belonging to the plaintiff and her co-owners of the real property upon which said building is situated and in which said personalty was used at the time of the purchase thereof by plaintiff. Intervener therefore seeks to impose a trust upon said personal property in favor of herself and associates on the ground that the purchase price thereof was paid out of funds belonging to intervener and her co-owners. Upon the verified complaint in intervention and the affidavit of the attorney for the plaintiff in intervention setting forth the claim of plaintiff in intervention, the location and use of said personal property, and other matters, some of which may be referred to later, the court appointed H. F. Metcalf receiver of said personal property. H. F. Metcalf was the same person appointed by the court as receiver of the real property and building in which said personal property was located and in which it was used in carrying on a club and hotel business. From this order the defendant Will H. Perry has appealed. No appeal has been taken by the plaintiff in said action.

It is first contended that plaintiff had no right to intervene in said action because she had no interest in the action that would be affected by any judgment rendered therein. The position of the appellant in making this contention appears to be that the action between himself and the plaintiff is one in claim and delivery to recover the possession of personal property, and as the intervener has not shown, nor even claimed, that she is entitled to the possession of said personal property, she has no such interest therein as will entitle her to intervene under section 387 of the Code of Civil Procedure, the sole authority under which she claims such right. While the general rule is that in an action where the right to the possession of personal property is the sole issue, one not

claiming the right to possess said property has no right to intervene therein, this rule has exceptions, one of which may be illustrated by the case of *Bogue* v. *Roeth,* 98 Cal. App. 257 [276 Pac. 1071]. That action was an action in claim and delivery, or in replevin, virtually the same proceeding under a different name. It was brought to recover possession of a herd of cattle, the plaintiff being the owner thereof, and the defendants claimed an agister's lien upon the cattle for an unpaid pasturage bill. L. E. Walker was permitted to file a complaint in intervention, alleging that he had a contract to purchase the cattle. On appeal it was contended that he did not claim to be entitled to the possession of the cattle, but only an interest in the cattle themselves by reason of a contract between him and the plaintiff, whereby he agreed to purchase them, and that his claim was not such an interest in the cattle as would entitle him to intervene in an action the sole question in which was the right of possession of the cattle. Answering this contention of the defendants, the court in that action on page 263 of the decision makes the following statement:

"There is no merit in the defendants' contention that L. E. Walker, who held a valid contract for the purchase of 1,050 head of cattle sought to be replevined in this suit, possessed no such interest in the subject of this litigation as would entitle him to intervene under section 387 of the Code of Civil Procedure, which provides in part: 'At any time before trial any person who has an interest in the matter of litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding.' One who holds a valid contract to purchase personal property which is involved in a suit of replevin has an interest in the matter in litigation entitling him to intervene as a party to the action. (*Loughborough* v. *McNevin, supra* [74 Cal. 250, 257 (5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773)]; *Gaines* v. *Clark,* 275 Fed. 1017, 1019 [51 App. D. C. 71]; 20 Cal. Jur. 520, sec. 25.)''

While the present action is for the recovery of the right of possession of said personal property, it appears from plaintiff's complaint that his sole claim to the possession of said property rests upon his right of ownership thereof. He alleges that he is "the owner and entitled to the immediate possession" of said property, and that said furniture, furnishings and fixtures are the same property that was sold by the commissioner appointed by the superior court in the action

of *Security-First National Bank of Los Angeles* v. *Commercial Club*. While plaintiff does not allege that he was the purchaser at said sale, the intervener in her complaint so alleges the fact to be. There is no denial of this allegation. It is apparent, therefore, that plaintiff's right to the possession of said personal property depends solely upon his claim of ownership of said property by virtue of the conveyance to him under said foreclosure proceedings.

We have no direct information as to the claim of the appellant to the possession of said personal property. While he was made a party defendant both in plaintiff's complaint and in the complaint of the intervener, his answer to neither of said pleadings, if any was made by him, is made a part of the record on appeal in this action. The only information we have as to the nature of appellant's claim to the possession of said property, if this can be legally considered, is contained in plaintiff's affidavit, filed pursuant to the requirement of section 510 of the Code of Civil Procedure in actions of claim and delivery. In this affidavit it is stated: "That said defendant Will H. Perry [appellant] is claiming the *title* to said personal property under an alleged agreement with one W. G. Lane, wherein said personal property and the *title* and possession thereof was transferred to the said Will H. Perry for services alleged to have been rendered by the said Will H. Perry for the said W. G. Lane." [Italics added.]

From the information before us it appears that the contest between the plaintiff and defendant in this action ostensibly is for the possession of said personal property, but in reality it is an action to determine the ownership of said property, as each party bases his right of possession upon his claim of ownership. As we have stated before, the purpose of the intervener's action is to impose a trust upon said property standing in the name of the plaintiff. If it should be determined in said action that the defendant is the owner thereof, then intervener's claim would, of course, be denied. Under this state of facts we think that intervener has such an interest "in the subject matter in litigation" as would entitle her under section 387 of the Code of Civil Procedure to intervene therein.

There is no merit to the contention of appellant that intervener had no cause of action when the complaint was

filed and therefore could not intervene therein. The cases of *People's Savings Bank* v. *Jones,* 114 Cal. 422 [46 Pac. 278], and *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848], relied upon by appellant in support of this contention, have no application to the time when a proceeding in intervention in a pending action may be instituted. The time in which a party may intervene in an action is governed by section 387 of the Code of Civil Procedure, which provides that ''At any time before trial any person who has an interest in the matter in litigation . . . may intervene in the action. . . . ''

■ Appellant further contends that the intervener's complaint shows positively that she has no cause of action. We must admit that this pleading is in some respects at least uncertain and ambiguous, and contains what appears to us to be conflicting statements. Upon the application for the appointment of a receiver, however, the complaint was considered by the court not as a pleading setting forth the intervener's cause of action, but as an affidavit or evidence in support of intervener's application for a receiver. As such evidence it was the province of the trial court to pass upon its weight and to reconcile all conflicts therein, and a reviewing court will not disturb the determination of the trial court. This is the rule respecting oral evidence, and that in respect to documentary evidence is to the same effect. (*Sutcliffe* v. *Sutcliffe,* 220 Cal. 398, 401 [31 Pac. (2d) 195] ; *Union Supply Co.* v. *Morris,* 220 Cal. 331, 338 [30 Pac. (2d) 394] ; *Porter* v. *Miller,* 201 Cal. 750, 753 [258 Pac. 595] ; 2 Cal. Jur. 932, sec. 547.)

■ It is true if intervener's complaint failed to state facts sufficient to constitute a cause of action in her favor, the appointment of a receiver solely upon such a pleading would be erroneous, but a complaint may be uncertain and ambiguous and even contain conflicting allegations and still contain a sufficient statement of facts to constitute a cause of action. (*Semi-Tropic S. Assn.* v. *Johnson,* 163 Cal. 639, 642, [126 Pac. 488] ; *Thomas* v. *Wentworth Hotel Co.,* 158 Cal. 275, 278 [110 Pac. 942, 139 Pac. 120] ; *Heeser* v. *Miller,* 77 Cal. 192, 193 [19 Pac. 375].) ■ We think the complaint in intervention in this action meets the requirements of these authorities. It is directly alleged therein that after the sale of the real property under the deed of trust, a deficiency in excess of $500,000 remained due on the notes held by the intervener and her associates. It further appears from said

complaint in intervention that W. G. Lane and the Lane Mortgage Company collected money from ''various holders of the title of the above described real estate (that is, from the original trustors and their grantees) for the use and benefit of Intervener and the other bondholders which they have failed and refused to account for or apply on the indebtedness to Intervener and the other bondholders,'' but, on the other hand, used said money to purchase said personal property at the trustee sale thereof, taking the title to said personal property in the name of the plaintiff, B. W. Goes, who paid no part of the consideration therefor. Where the title to property is taken in the name of one party and the consideration for the transfer is furnished by another, a trust is presumed to result in favor of the latter. This rule applies to personal property as well as to real property. (*Grant* v. *Heverin,* 77 Cal. 263, 265 [18 Pac. 647, 19 Pac. 493] ; *Kirk White & Co.* v. *Bieg-Hoffine Co.,* 6 Cal. App. (2d) 188, 191 [44 Pac. (2d) 439] ; *Thompson* v. *Bank of California,* 4 Cal. App. 660, 667 [88 Pac. 987].)

The contention that the court has no jurisdiction of the proceeding in intervention because of the want of proper parties in the complaint in intervention now made by the appellant in this action, was passed upon and decided adversely to the appellant's contention in the case of *Baumann* v. *Bedford,* L. A. No. 16879, [supra] this day decided and filed. The plaintiff in intervention, like the plaintiff in said action of *Baumann* v. *Bedford,* sued in a representative capacity and in behalf of all persons having a common interest with her, as purchasers at the sale of said real property under the deed of trust securing the various promissory notes aggregating the sum of $500,000, and we held under the authority of *Moore* v. *Bowes,* 8 Cal. (2d) 162 [64 Pac. (2d) 423], that an appropriate case was presented for the application of section 382 of the Code of Civil Procedure.

A number of other points are relied upon by appellant for a reversal of the order of the trial court in appointing a receiver to take charge of the personal property involved herein. They are in our opinion without merit and are not of sufficient materiality to warrant any detailed discussion, except one which we will proceed to consider.

Appellant contends that the order appealed from cannot be sustained for the reason that no facts are alleged in the

intervener's verified complaint or in the affidavit of her attorney entitling her to have a receiver appointed for the furniture, furnishings and fixtures that are the subject of the litigation in this action. She sets forth in her complaint all the acts and circumstances leading up to and culminating in the purchase of the real property on which said personal property is situated. This complaint was filed on September 3, 1937. On December 17, 1937, the affidavit of her attorney in support of her application for the appointment of a receiver to take charge and operate said real property was filed. The facts set forth in these two documents are found in more detail in the opinion in the case of *Baumann* v. *Bedford*, above referred to.

Evidently the applications for the appointment of receivers both for the real property and the personal property came on for hearing before the court at the same time. At least, the orders of appointment were dated the same day, and they were made on the same day the affidavit of the attorney for the intervener, above referred to, was filed. In this affidavit the attorney stated: "That if the same [the application for the appointment of a receiver for the real property] be granted, such Receiver would take possession only of the real property and not of the furniture, furnishings and fixtures therein contained and forming the subject matter of this action. That furniture, furnishings and fixtures are essential to the continued use of such real property as income producing property. That the same Receiver appointed in action #419669 to take possession of the realty, should also be appointed herein to take possession of the personal property during the pendency of this action." It was further alleged in said affidavit: "That the property herein involved consists of the furniture, furnishings and fixtures of a thirteen story height limit building, designed for use as club or hotel. That quiet and peaceful possession, management and control of same in the hands of a single party is the best and only means of avoiding great confusion and loss of the property herein involved. That the taking of said property will not stop or seriously interfere with the business now being conducted on said property, to-wit: hotel and club rooms, but on the other hand, such taking is absolutely essential to the continued operation of said business and will provide a continuity of peace and quiet enjoyment of said

property and of the premises on which the same is now located by the tenants of said property and users of said personal property.''

We think the above statements are sufficient to justify the trial court to appoint the receiver in this case for the preservation of said personal property. In the case of *Takeba* v. *Superior Court,* 43 Cal. App. 469 [185 Pac. 406], it is stated at page 476 as follows:

''Where the dispute in a litigation is as to the title to the property involved therein and it is made satisfactorily to appear that the property is of such a character or is in such a situation as that it is likely to be lost or destroyed or greatly deteriorated in value in the hands of the party in possession before the merits of the controversy can be adjudicated and a satisfactory showing is made that the plaintiff has some interest in the property, or that the plaintiff's right thereto or to some portion thereof is reasonably certain, the court may, in the exercise of its discretion, appoint a receiver to take custody of the property pending the litigation and the determination of the rights of the parties. This means, of course, that the court itself may take possession or custody of the property and hold or dispose of it, according as the nature of the property or the exigencies of the situation with respect to it may require.''

■ The rule is well established that the appointment of a receiver rests largely in the discretion of the trial court, and that its action in appointing a receiver will not be disturbed by an appellate court in the absence of a showing of abuse of discretion. (*Conklin* v. *Superior Court,* 1 Cal. (2d) 601 [36 Pac. (2d) 386]; *Anderson* v. *Anderson,* 124 Cal. 48 [56 Pac. 630, 57 Pac. 81, 71 Am. St. Rep. 17]; *Copper Hill Mining Co.* v. *Spencer,* 25 Cal. 11; *Lent* v. *H. C. Morris Co.,* 25 Cal. App. (2d) 305 [77 Pac. (2d) 301]; *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal. App. (2d) 389 [50 Pac. (2d) 106]; *Lowe* v. *Copeland,* 125 Cal. App. 315 [13 Pac. (2d) 522]; *Brush* v. *Apartment & Hotel F. Corp.,* 82 Cal. App. 723 [256 Pac. 285]; *Fox* v. *Flood,* 44 Cal. App. 786 [187 Pac. 68].)

At the time the trial court made its order appointing the receiver of said personal property it had, as we have seen, both petitions before it. The record in this case and that in the case of *Baumann* v. *Bedford* clearly show that there had

been an extended period of bitter litigation between the owners of the promissory notes secured by said $500,000 deed of trust on the one hand, and parties holding subsequent interests in both the real and personal property involved in these two actions. The holders of said notes had invested a large amount of money which evidently went into the construction of said building. They had received nothing on the principal of their investment, and default had been made in interest payments. Furthermore, it is claimed that money due them had been misappropriated and used for the purchase of the furniture, furnishings and fixtures that were in the building. To remove this furniture from the building in which it was in use would be to impair its value, as well as lessen, if not destroy, the income from the real property. Undoubtedly, the trial court with these facts before it, concluded that it would be for the best interest of all concerned to place the whole property under the management of one person until the litigation involving both the real and personal property should be terminated. In so doing, it is our opinion that the trial court did not abuse its discretion in the appointment of a receiver.

The order is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Appellant's petition for a rehearing was denied August 25, 1941.