[Civ. No. 15440. Second Dist., Div. One. May 26, 1947.]

THE PEOPLE ex rel. ROBERT W. KENNY, as Attorney General, etc., Respondent, v. CHRIST'S CHURCH OF THE GOLDEN RULE (a Corporation) et al., Appellants.

Russell E. Parsons and A. L. Wirin for Appellants.

Robert W. Kenny and Fred N. Howser, Attorneys General, Warren Olney III, Special Assistant to Attorney General, Clarence A. Linn, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from an ex parte order removing Arthur L. Bell, President and Trustee of Christ's Church of the Golden Rule, and appointing one R. E. Allen as receiver of such church. The order in question, made on October 10, 1945, further commanded that the defendants show cause on October 19, 1945, "why an order should not be made confirming the ex-parte appointment" of the receiver. At the hearing of the order to show cause, appellants being then represented by counsel, Judge Henry M. Willis confirmed the previous ex parte order appointing a receiver, made by Judge Joseph W. Vickers. The original appeal was from both of the orders hereinbefore mentioned, but for some undisclosed reason a stipulation was later executed in which appellants abandoned the appeal from the final order made by Judge Willis, such stipulation expressly providing that "nothing herein contained, however, shall operate against or prejudice the appeal" from the ex parte order made by Judge Vickers.

The complaint in the present action, filed by the attorney general on behalf of the People, prayed for an accounting concerning the corporation's assets, the removal of Arthur L. Bell as trustee, the appointment of a receiver pending the accounting, and an injunction against interference with the receiver. Summarizing the more important allegations, the complaint alleged that Christ's Church of the Golden Rule was a nonprofit California corporation formed for public, religious and charitable purposes, owning assets in excess of $3,000,000, and having no valid franchise to hold property other than as a public, charitable trust. The complaint then alleged that the corporation was under the complete domination of Arthur L. Bell, and set forth a series of alleged misappropriations and misapplications of funds, unauthorized expenditures, and a failure to account to the corporation. It was alleged that Bell had caused the sale of certain corporate real estate and had received the proceeds; that certain other property had been set apart for Bell and his wife, for which the corporation received no consideration; that a false financial statement had been made. Other specific irregularities and misappropriations of church assets were alleged.

As presenting an immediate emergency necessitating the appointment of a receiver and the other relief sought, the complaint alleged that Arthur L. Bell had advertised for sale at public auction, certain real estate held by the church, said

auctions to be held on October 9 and 10, 1945; that plaintiff "is informed and believes" that such sales had not been authorized or approved by the corporation, and that unless prevented, Bell would convert the proceeds "to his own use and intends not to account for the same . . . and thereby the assets and property . . . will be lost and dissipated to the irreparable damage to said corporation and to the People of the State of California." The advertised purchase price of these properties was alleged to be $1,507,000. Affidavits by Charles H. Manaugh, an accountant and investigator of the State Department of Justice, and by Warren Olney III, Special Assistant to the Attorney General, concerning the alleged emergency, were also presented. The latter affidavit affirmed that Bell had stated that the corporation possessed cash assets in excess of $100,000 deposited under various individual or fictitious names, the largest part of which had been hidden by Bell. The interest of the state in the corporate affairs of the church was alleged to be that by reason of the acts set forth in the complaint, there had been a failure "to comply with the trusts which it had assumed and (a departure) . . . from the public, religious and charitable purposes for which it was formed."

It is the appellants' contention that the ex parte order made by Judge Vickers on October 10, 1945, appointing a receiver and removing Bell as trustee, should be declared null and void because, "(1) There was no showing of facts sufficient to confer jurisdiction upon the Superior Court to enter the ex-parte order. (2) The appointment of the ex-parte receiver without notice or hearing contravenes federal and state due process. (3) In an action by the state against a corporation for its dissolution, the *only* order which the Superior Court can make is an order to show cause."

Apropos the first contention above mentioned, appellants' brief calls attention to various allegations contained in the complaint and affidavits, which are said to be "phrases merely indicating suspicions, fears and inferences," furnishing no factual support for the ex parte order. Examples thereof are such expressions in the complaint as "said Bell intends to . . . convert the same to his own use"; and the "fear" expressed in the affidavits, that Bell would remove and secrete the assets of the church, and would flee the State of California, taking with him such assets. Doubtless, the conclusions mentioned might be insufficient, standing alone,

but such question is not here presented for the reason that the complaint and affidavits are replete with factual affirmations concerning alleged irregular activities and misappropriations of Arthur L. Bell, President and Trustee. In view of these factual allegations in reference to past activities, the expressions of fear that some similar misapplication of trust funds might occur in the immediate future following the proposed sale of corporate real estate, can hardly support appellants' argument that there was no showing of "urgent necessity" or emergency warranting the ex parte appointment.

In *Misita* v. *Distillers Corp., Ltd.,* 54 Cal.App.2d 244, 247 [128 P.2d 888], it was held that "generally the granting of such orders [ex parte appointment of receivers] rests in the sound discretion of the trial court, in the exercise of which it must be governed necessarily by the situation as it is presented and appears to the court at the time of making the order." Appellant points out that in the Misita case the court stated that "This power will not be exercised in a doubtful case," and argues that in the instant litigation there were "mere apprehensions, surmises or probabilities" presenting, at most, a "doubtful case" not calling for an ex parte order. But, as further said in the Misita case, at page 250, and particularly applicable to the present contention, "Since the power to appoint 'ex parte' lies in the superior court, the question on appeal is not one of jurisdiction, but of error, and, as such, is limited to the inquiry whether the trial court abused its discretion. . . . An appellate court is never justified in substituting its discretion for that of the court sitting nisi prius." As hereinbefore indicated, there was some showing of an emergency supporting the ex parte order, and no abuse of discretion is apparent.

There is no merit to appellants' contention that "appointment of the ex parte receiver without notice of hearing offends federal and state due process." As hereinbefore mentioned, the ex parte appointment in question was merely a temporary provision only effective until the order to show cause, of which it was a part, was heard upon notice to appellants. And as respondent's brief concludes, "even if Judge Vickers was in error, no miscarriage of justice has occurred because the appointment of the receiver was confirmed by Judge Willis on October 29, 1946, after hearing and upon a showing which must be conceded to have been ade-

quate to justify receivership." Section 566 of the Code of Civil Procedure by its terms contemplates the ex parte appointment of a receiver. In *Misita* v. *Distillers Corp., Ltd.*, 54 Cal.App.2d 244, 250 [128 P.2d 888], previously referred to, occurs the following: "As held in *Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305 [77 P.2d 301], the appointment of a receiver 'may be made "ex parte" and without notice if the "imperative necessity" or emergency is shown in the petition or supporting affidavits.' "

Appellants' third point, that "In an action by the State against a corporation for its dissolution, the only order which the Superior Court can make is an order to show cause," is answered by the fact that the present action does not seek dissolution but is one for an accounting and incidental relief by way of receivership, etc.

Not only is there a complete want of merit in appellants' contentions, but a further reason exists for the denial of appellate relief in this case. As respondent's brief points out, "The ex parte order of October 10, 1945, appointing a receiver was *functus officio* before the taking of this appeal and is not appealable." The order in question, continues respondent's brief, was, "by its terms effective only until the day of hearing (of the order to show cause). It ceased to function as a temporary order at the moment of its confirmation, and the later and permanent order became controlling, and of course, the only appealable order." In the case of *Moore* v. *Oberg*, 61 Cal.App.2d 216 [142 P.2d 443], involving a situation not fundamentally different from that of the instant appeal, it was held that a temporary order appointing a receiver, made as a part of an order to show cause, was not appealable after the permanent appointment had been made at the hearing of the order to show cause. The Moore case, in turn, followed *Baumann* v. *Bedford*, 18 Cal.2d 366 [115 P.2d 437], wherein the syllabus reads: "An order making permanent a prior ex parte order appointing a receiver is controlling and parties dissatisfied therewith should appeal from it and not from the temporary order."

In the instant case there was an abandonment of the appeal from the permanent order, hence the validity of such order is not here in question. As to the ex parte order complained of, under the authority of the above mentioned cases, this appeal is dismissed.

York, J., and White, J., concurred.