[Civ. No. 32423. Second Dist., Div. One. Dec. 23, 1968.]

WESTERN TIRE COMPANY, INC., Plaintiff and Respondent, v. RUSSELL FURSTMAN, Defendant and Appellant.

James E. Green for Defendant and Appellant.

Wyman, Bautzer, Finell & Rothman, Alan D. Croll and Stephen D. Silbert for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment for money on a complaint stated in common counts.

Plaintiff herein filed a complaint in Los Angeles on August 3, 1965, for money. Count 1 set forth that on July 14, 1965, defendant was indebted to plaintiff on an open book account, for a balance due for merchandise in the sum of $8,192.23; count 2 set forth that there was an account stated between the

parties for the same amount as above stated; count 3 set forth that on July 14, 1965, defendant became indebted to plaintiff in the sum of $8,192.23 for merchandise furnished to defendant at his special request and that the reasonable value of the same was as stated. Defendant answered the complaint in effect by denying that defendant was so indebted to the plaintiff and alleged certain affirmative defenses: (1) that the merchandise was subject to an agreement previously made between the parties to the effect that the deliveries were on a thirty-day open account and defective merchandise was to be returnable and (2) that the agreed purchase price was not due on the date the action was filed. Defendant also filed a counterclaim wherein he alleged that plaintiff had represented and warranted that the merchandise would be free from any defects and that plaintiff would accept the return of any defective merchandise and credit defendant accordingly; that plaintiff honored its warranty agreement until July 13, 1965, and since that date has refused to accept any defective merchandise back from defendant and has breached the warranty agreement. That because of plaintiff's breach defendant has had to replace defective merchandise to his customers to his damage in the sum of $8,000.

In the nonjury trial the court found for plaintiff partially and gave judgment for $6,942 plus interest from July 14, 1965, plus costs.

It appears that plaintiff was a wholesaler of automobile tires branded as "second," selling to other tire dealers. Between January 1, 1965, and July 14, 1965, defendant purchased from plaintiff 648 automobile tires for which defendant agreed to pay the sum of about $12.50 per tire. The terms of the sale provided that tires which were defective because of faulty workmanship or materials were returnable, and plaintiff accepted the return of all tires in which defects were discovered prior to mounting and use. Of the 648 tires sold, 548 were good and merchantable and both parties stipulated that 100 tires could be returned to plaintiff by defendant. Defendant did not pay for any of the 548 tires which were good and merchantable and judgment was rendered accordingly.

Findings[1] were made and filed and judgment was rendered in keeping with the findings.

---

[1] "FINDINGS OF FACT

"1. At all times herein mentioned, plaintiff is and was a corporation duly organized and existing under and by virtue of the laws of the State

448

Appellant now asserts in effect that the evidence does not support the findings and that the judgment does not follow the findings. He contends that respondent breached its warranty and that he, appellant, therefore need not pay for the tires which he had delivered to him. We are persuaded that the judgment should be affirmed.

 Appellant states in his brief with reference to findings numbered 11 and 12 that they are ''not supported by any evidence and is [sic] contradicted by the evidence submitted, by stipulations of the parties, by other findings of the court (Findings No's. 4, 5, 6, 7, 8, 9, 15 and 17) and by the . . . judgment.'' It would seem self-evident that if there was no breach of any warranty by respondent then appellant is indebted as adjudged. It may well be that appellant believes that some of the evidence is conflicting on the question, however, ''. . . the findings of fact of a trial court on conflicting evidence of a substantial character are conclusive, and . . . an appellate court cannot examine the record to ascertain if the findings are supported by a preponderance of

of California, with its principal place of business in the County of Los Angeles, State of California.

''2. At all times herein mentioned, TIRE ARCADE COMPANY was and is a sole proprietorship owned and operated by defendant RUSSELL FURSTMAN.

''3. Plaintiff at all times herein mentioned was engaged in the business of selling automotive tires, and defendant RUSSELL FURSTMAN, doing business as TIRE ARCADE COMPANY, was and is at all times herein mentioned engaged in the business of purchasing automotive tires and reselling such tires, principally to used car dealers.

''4. Between the period of January 1, 1965 and July 14, 1965, plaintiff sold to defendant RUSSELL FURSTMAN, doing business as TIRE ARCADE COMPANY, 648 automotive tires for which said defendant agreed to pay the sum of $12.50 per tire and $8,192.00 as the total purchase price. No part of such purchase price has been paid, and further that defendants did attempt prior to the filing of this suit to return 10 tires for adjustment because of alleged defects which was refused by plaintiff.

''5. All of the tires represented by such purchases were good and merchantable tires, free of any defects in workmanship or material with the exception of 100 tires. All parties appearing in this action have stipulated that the purchase price of such 100 tires was $1,250.00.

''6. Said defendants are indebted to plaintiff for the full purchase price for all of the tires sold with the exception of the purchase price for the 100 tires described above. Said indebtedness amounts of [sic] $6,942.00.

''7. The terms of the sale of tires from plaintiff to defendants provided that tires which were defective because of faulty workmanship or materials were returnable by defendant to plaintiff.

''8. That prior to the filing of this action, plaintiff advised defendants that it would not warrant or accept the return of any defective tire if the said tire had been mounted on an automobile.

''9. That within a reasonable period of time after plaintiff had indicated its refusal to warrant thereafter with respect to tires mounted on

the evidence.'' (See *Kruckow* v. *Lesser,* 111 Cal.App.2d 198, 200 [244 P.2d 19].) In the case last cited it is further stated, ''. . . the rule is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. Accordingly, if as appellants contend, some particular issue of fact is not sustained, they are required to set forth in their brief all the material evidence on the point and not merely their own evidence. Unless this is done the error assigned is deemed to be waived. [Citations.]'' ▪▪▪ Appellant in this cause has failed to set forth the evidence on the matter under consideration. Another statement of the same rule is made in *Hickson* v. *Thielman,* 147 Cal.App.2d 11, 14, 15 [304 P.2d 122] :

''The first contention of defendants is that the findings are unsupported by the evidence. In this connection, we repeat what every lawyer should know, namely, that when an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate state-

---

vehicles, defendant advised plaintiff to take back all of its stock that he still had on hand and advised that he would not pay for same.

''10. At no time has plaintiff refused to accept merchandise returned by defendants which was defective because of faulty workmanship or materials.

''11. At no time did plaintiff refuse to accept a return of any tires sold to defendant, the return of which plaintiff was obligated to accept by reason of any express or implied representation or warranty to defendants.

''12. Plaintiff has complied in all other respects with its duties to defendants arising out of the sale of tires to them.

''13. Defendants have not been damaged through any act or failure to act by plaintiff.

''14. Between the period of January 1, 1965 and July 14, 1965, plaintiff sold to defendant RUSSELL FURSTMAN, doing business as TIRE ARCADE COMPANY, and defendant TIRE ARCADE COMPANY, a quantity of tires of the reasonable value of $6,942.00, no part of which has been paid.

''15. The allegations and each of them contained in Paragraphs III and IV of defendants' First Affirmative Defense are untrue except that within one to three days after June 25, 1965, plaintiff advised defendant TIRE ARCADE COMPANY that certain tires returned by TIRE ARCADE COMPANY claimed to be defective for faulty workmanship or materials were in fact defective because of road hazards, which did not give rise to any duty by plaintiff to adjust such tires; further it is true, as stipulated by the parties, that defendant RUSSELL FURSTMAN advised plaintiff sometime after he had been advised of the foregoing refusal to adjust certain tires, that defendant FURSTMAN wished to return all of the tires which had been purchased and to receive a credit memorandum for same to the full extent of the purchase price from plaintiff.

''16. The allegations and each of them contained in Paragraph II of defendants' Second Affirmative Defense are untrue.

''17. The allegations contained in Paragraphs I through V, inclusive, of defendants' Counterclaim are untrue except that it is true that plaintiff stated that tires which were defective because of workmanship or materials were returnable.''

ment of the evidence which is claimed to be insufficient. He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.

". . . Appellants have made no attempt to make a fair statement, or, indeed, anything approaching a fair statement of the evidence claimed to be insufficient. Their failure to do so will be deemed tantamount to a concession that the evidence supports the findings. [Citations.]''

This court said in *Simon* v. *Simon,* 260 Cal.App.2d 626, 631 [67 Cal.Rptr. 317] :

" 'With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . .' [Citations.] Moreover, it is incumbent upon the appellant who contends that the evidence is insufficient to set forth the evidence in support of the judgment and indicate wherein it is insufficient.''

We have analyzed the findings and the judgment and we find no conflict between the respective findings or between the findings and the judgment.

The record discloses clearly that the findings are supported by substantial evidence. The testimony of one witness was to the effect that the warranty only extended or covered defects discovered prior to the use of the tire on the road, so to speak. The tires were sold as ''seconds'' and any defect was to be discovered after the tire was mounted on a wheel and inflated. In other words, a defect, separation or weakness in a tire would show up upon the tires being inflated and if such did occur the tire could be returned for credit. After the tire was run on the road the responsibility of respondent ended. There may be other evidence of other witnesses but the testimony of one witness is sufficient to support a finding of fact and this court cannot overturn the findings even though other evidence is to the contrary. (See *Beck* v. *Sirota,* 42 Cal.App.2d 551 [109 P.2d 419]; *Estate of Winzeler,* 42 Cal.App.2d 246 [108 P.2d 720]; *Estate of Filippi,* 9 Cal.App.2d 407 [49 P.2d 892].)

In any event the judgment in this case was for merchantable tires.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.