DANIEL PAINE GRISWOLD *et al.*, *vs.* EMMA L. SACKETT *et al.*

PROVIDENCE—FEBRUARY 24, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Appointment of New Trustee.   Power Therefor under Will.   General Chancery Jurisdiction over Same.*

A will provided for the appointment of new trustees on the joint application of a surviving trustee and the beneficiaries, but gave the surviving member of the board power to act in the trust.   On refusal of the survivor to join the beneficiaries in an application under the will :—

*Held,* that this provision was not exclusive of other appropriate modes of appointment, and that the court still had power to appoint under its general chancery jurisdiction.

*Held,* further, that the authority of a surviving trustee to act was given for the protection of the trust estate.

The fact that the testator appointed three trustees was evidence of his intention that there should be this number, and not that a surviving trustee should continue to act alone.

BILL IN EQUITY for the appointment of new trustees to fill vacancies in a board named by a testator.   Heard on demurrer to the bill setting up a manner of filling these vacancies provided for in the will as exclusive of other powers of appointment.

(1)   MATTESON, C. J.   This is a bill for the appointment of new trustees in the place of former trustees who have deceased, to act with the surviving trustee in the trusts in the will of Daniel Paine, formerly of Providence, deceased.

The will provides for the appointment by the court of new trustees on the joint application of the surviving trustee and the beneficiaries under the trust.   The surviving trustee, however, who is also a beneficiary, refuses to join in such an application, though requested so to do by the other beneficiaries, and has demurred to the bill, claiming that this provision for the appointment of new trustees is exclusive, and that inasmuch as the will gives authority to the surviving trustee to act in the trusts, it was the intention of the testator that no trustees should be appointed except in accordance with the provisions of the will, so long as there was a surviving trustee competent and willing to act.

We do not think that the provision in the will is to be deemed exclusive. The authority given to the surviving trustee to act in the performance of the trusts is, we think, for the protection of the trust estate, and not with the intention that such trustee should continue to act alone in the performance of the trusts. It was evidently the intention of the testator that there should be three trustees, for he himself appointed that number. He probably did not anticipate the refusal on the part of a surviving or continuing trustee to join with the beneficiaries in an application for the appointment of new trustees, and hence did not provide for that contingency.

The provision for the appointment contained in the will has become ineffectual, but the court has power to make the appointment under its general chancery jurisdiction.

The demurrer to the bill is overruled.

*Arnold Green*, for complainants.

*Charles A. Wilson and Thomas A. Jenckes*, for respondents.