[S. F. No. 15660.    In Bank.—January 20, 1937.]

DAISY A. MOORE et al., Respondents, v. W. K. BOWES et al., Defendants; W. K. BOWES et al., Appellants.

Arnold C. Lackenbach for Appellants.

Rogers, Clark & O'Brien, William A. O'Brien and Freiden-rich & Selig for Respondents.

SHENK, J.—Some of the plaintiffs are stockholders of the Six-twenty Jones Corporation and as such are beneficiaries under a certain voting trust agreement. Two of the trustees under said agreement are also plaintiffs. By this action it was sought to remove the defendants, W. K. Bowes, E. L. Bowes and Arthur H. Garland, the remaining trustees under the agreement. The plaintiff beneficiaries expressly sued on behalf of themselves and all of the other numerous stockholders and beneficiaries under the agreement. The court

made findings and entered judgment removing W. K. Bowes and E. L. Bowes as voting trustees, enjoining the removed trustees from exercising any of the powers enumerated under the trust agreement, including the power to appoint their successors, and awarding to the plaintiffs $2,000 as counsel fees and a like sum to the defendant Arthur H. Garland, payable out of the trust funds. The defendants Bowes appealed from the judgment. Hereinafter the word ''defendants'' will refer to the appellants, unless otherwise noted.

On the appeal the defendants contend that the court made no specific finding of unfitness or abuse of trust on their part and that their removal as trustees without such specific finding was reversible error, that all of the stockholders who were beneficiaries of the voting trust agreement should have been joined in the action and that the order overruling the defendants' demurrer was error, that the court had no power to enjoin the defendants from naming their successors; that it was error to allow attorney fees to the plaintiffs, and that the defendants are entitled to an allowance for counsel fees for services rendered in the trial court and on the appeal.

From the findings the following facts appear: Of the 3,-285 outstanding and issued shares of the capital stock of the corporation, 3,272 shares were represented by voting trust certificates owned by numerous purchasers of the capital stock of the Six-twenty Jones Corporation. The voting trust agreement names W. K. Bowes, E. L. Bowes, E. C. Smith, Chas. Schaeffer and Arthur H. Garland as second parties and ''Voting Trustees''. In the exercise of their powers under the agreement the voting trustees elected themselves directors. Bowes Brothers & Company, consisting of the defendants Bowes, were employed by the directors as supervisors of the management of the hotel property of the corporation at a salary of $100 per month. On June 22, 1934, W. K. Bowes, without authority or the consent of any of the directors, withdrew $600 from the corporation funds, one-half of which he delivered to his brother, and this sum was used for their own purposes. In August, 1934, a check of Bowes Brothers & Company for that amount, payable to Six-twenty Jones Corporation, was delivered to the corporation with a written memorandum to hold for further instructions. The check was paid on September 5th following. On October 1, 1934, by vote of the three defendants the board of direc-

tors increased the compensation of Bowes Brothers & Company retroactively as of January 1, 1934.

It is undoubtedly true that the court based its conclusion that the defendants should be removed as trustees on the facts found with respect to the misappropriation of the sum of $600. The defendants justify the taking of the $600 by the statement that they thought the board was going to raise their salary at its next meeting and when that action failed to materialize they returned the amount. The plaintiffs contend that the defendants may not now complain that the court did not include a specific finding of their unfitness as trustees. The plaintiffs have made a motion in this court for a diminution of the record to include therein an affidavit of the court reporter, who was present but did not take stenographic notes, that during the proceedings and after the court's decision was announced the defendants objected to the inclusion of the use of such language in the court's findings on the ground that it would stigmatize the defendants and be an injury to them in their business. The plaintiffs seek to show that it was at the defendants' special request that such a finding was omitted. We are of the opinion that it is unnecessary to grant the motion even if the inclusion of the affidavit be proper. The facts found by the court fully support its conclusion. Trustees are subject to removal whenever, as here, it appears that their private interests conflict with their trust duties, and when it also appears, as here, that trust property has been appropriated to their own use, whether or not they purported to act honestly under an assumption that they would become entitled to it and the money was returned when the contrary proved to be the fact. The purpose of removal is not the infliction of a penalty for past behavior, but is the preservation of the trust property. (*Overell* v. *Overell*, 78 Cal. App. 251, 257 [248 Pac. 310]; *Barbour* v. *Weld*, 201 Mass. 513, [87 N. E .909]; 3 Bogert on Trusts and Trustees, (1935 ed.) p. 1672.)

A sufficient answer to the second ground of appeal is that the beneficiaries not made parties plaintiff were represented pursuant to section 382 of the Code of Civil Procedure and by appropriate allegation in the complaint. That section provides that ''when the question is one of a common or general interest, of many persons, or when the parties are

numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all''. The interest of the numerous beneficiaries of the voting trust was collective and not separate. There is therefore presented an appropriate case for the application of the exception to the rule that all persons interested should be made parties. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315, 326 [187 Pac. 1056] ; *Davis* v. *Hudgins,* (Tex. Civ. App.) 225 S. W. 73, 76 ; *Black* v. *Elkhorn Coal Corp.,* 233 Ky. 588 [26 S. W. (2d) 481, 483, 484].) About twenty of the numerous beneficiaries joined as plaintiffs when the complaint was filed. In their application for diminution of the record the plaintiffs moved to include an amendment to the complaint which had been allowed by the trial court but omitted from the record on appeal. The amendment shows that about sixty more of the beneficiaries joined as plaintiffs. However, it will not be necessary to grant the motion in view of the propriety of the representation of all the beneficiaries by the action in their behalf.

The court did not err in enjoining the removed trustees from exercising any of the powers as such including the exercise of the right conferred by the voting trust agreement of designating their own successors. The voting trust instrument was drawn by the trustees themselves. The record shows that the parties could not come to any agreement on the appointment of a successor under the exercise of the trustees' power in that respect. The court could properly conclude that the continuation of their power was inconsistent with their removal and the purpose thereof, viz., the preservation of the trust *corpus.* The court under its equity jurisdiction could therefore restrain the exercise of an unlimited power by the trustees to appoint their own successors. (*Yates* v. *Yates,* 255 Ill. 66 [99 N. E. 360, 362, Ann. Cas. 1913D, 143] ; *Griswold* v. *Sackett,* 21 R. I. 206 [42 Atl. 868].)

Counsel for the appellants also in the trial court represented the defendant Garland, whom the court found had not violated any of his duties as trustee. They were awarded $2,000 for their services in the trial court as counsel for the defendant Garland. It is contended that they are also entitled to fees for defending the trustees who were removed, including an appropriate fee for their services per-

formed on the appeal. The facts found and the action thereon of the trial court in the removal of the defendants Bowes as trustees was sufficient ground for the refusal to allow them costs or attorney fees payable out of the trust fund. (Sec. 1026, Code Civ. Proc.; see *Overell* v. *Overell, supra,* at p. 261.) For similar reasons they are not entitled to have their counsel fees incurred on the appeal paid out of the trust funds.

An allowance to the plaintiffs for counsel fees to be paid out of the trust was proper. (*Mitau* v. *Roddan,* 149 Cal. 1 [84 Pac. 145, 6 L. R. A. (N. S.) 275]; *Trustees* v. *Greenough,* 105 U. S. 527 [26 L. Ed. 1157].)

The motion for diminution of the record is denied. The judgment is affirmed.

Edmonds, J., Langdon, J., Thompson, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.