[Civ. No. 6058. Third Appellate District.—May 29, 1939.]

ELMER E. PETERSON, Respondent, v. JESSIE M. DONELLEY, Appellant; F. G. SMITH, Intervener and Respondent.

Catherine A. McKenna and Ivan Miller for Appellant.

Ben Griffith and Malcolm Archbald for Respondent.

F. G. Smith, *in pro. per.,* for Intervener and Respondent.

THE COURT.—In this matter three suits have been consolidated for trial as they all grow out of the following facts:

In 1922 the John P. Mills Organization, a corporation, established three trusts, designated as K, L and N, consisting of acreage divided into units which were sold at $400 a unit. These trusts were formed for the purpose of developing the lands therein described for oil and gas, and unit certificates were sold to raise the funds necessary to pay for and develop these tracts.

Under the authority of the trusts the John P. Mills Organization, during 1922 and 1923 sold these units to various purchasers and issued certificates to such purchasers in accordance with the trust agreements.

Exploration for oil was made, and about 1925, having determined the land was nonproductive of oil, the trustee, in accordance with a provision in the trust agreement, proposed to sell the property and divide the proceeds thereof among the holders of certificates of interest in accordance with their respective rights.

When a title company was called upon to pass upon the title to the property it refused to pass title to the buyer for the reason that the declaration of trust contained no statement of the duration of the trust. Thereafter actions for declaratory relief were commenced by a unit holder in each of the trusts to have the trust declared void and empowering the trustee John P. Mills Organization to make sales of the land as provided in the trust agreement, and also to have it legally determined that the land was not productive of oil in commercial quantities.

In accordance with these proceedings a judgment was rendered in each case wherein the court found that the land did not contain oil or gas in commercial quantities, and that the property should be sold under the provisions of the trust agreement with the consent, however, of the unit holders, and that the proceeds be divided among the holders of the various units and that a resulting trust be declared. It being impossible to get the consent of all of the unit holders, no sale was made of any of the properties in the trust and no further attempts were made to develop oil or gas upon the lands.

In 1930 these three actions were commenced by Jessie M. Donelley, the appellant herein, and certain others, seeking to enjoin the John P. Mills Organization from selling the lands affected by the trust to terminate the same, and to appoint new trustees. An answer was filed and a judgment by stipulation of the parties was entered by which the John P. Mills Organization resigned as trustee and Jessie M. Donelley with two other unit holders were appointed trustees in trusts K, L, and N. It was also provided that the new trustees should pay to the retiring trustee $3,000 in each trust for money expended by the John P. Mills Organization for the benefit of the trust properties. These sums were later paid by contributions made by assessments by a small group of unit holders in each trust.

Thereafter Jessie M. Donelley and her cotrustees named in the decrees took over the collecting from the unit holders the assessments for the payment of the judgments, taxes, and the expenses of carrying on the duties of the trust. Few payments were made by the unit holders and additional calls were made from time to time.

In 1935 the three cases now before the court were filed, the plaintiff alleging that he brought the action for an accounting and the removal of the trustees upon behalf of the owners of the beneficial interests, for the reason that the questions therein involved were of common interest to all the unit holders and for the further reason that the owners of such beneficial interests were so numerous it was impractical to bring them all before the court. The court found this allegation to be true, and that there were approximately three thousand individual unit holders in the properties of the three trusts. The court also found there was a shortage in the account of appellant as trustee, together with other irregularities, and removed her as trustee. From this judgment Jessie M. Donelley has appealed.

It is somewhat difficult to understand exactly upon what points defendant seeks a reversal. The first point apparently is that the complaint does not state facts sufficient to give the court jurisdiction to order an accounting or for the removal of the trustees. Many of the specifications of insufficiency in the complaint cannot be here considered as no demurrer was filed to the complaint, and in others the allegations of the answers has supplied any defects that might be urged against the allegations of the complaint.

This appeal also is brought to us by way of a bill of exceptions and we must assume that the evidence was sufficient to support the findings and judgment of the court.

As to the jurisdiction of the superior court of an action for an accounting and the removal of a trustee, it is elementary that the court has original jurisdiction in all such cases. (*Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725]) and having once acquired jurisdiction will proceed to administer full relief and may order an accounting, remove a trustee, and even grant general relief, either equitable or legal. (*Dillon* v. *Cross,* 5 Cal. App. 766 [91 Pac. 439].)

It is also claimed that the necessary parties were not before the court. This action was brought by one beneficiary for and upon behalf of all the beneficiaries, approximately three thousand in number. The allegations of the complaint and the findings were sufficient to show the parties were numerous, and that it was impractical to bring them all be-

fore the court. That was the situation in *Moore* v. *Bowes,* 8 Cal. (2d) 162 [64 Pac. (2d) 423], where the court said:

"That section (382 Code Civ. Proc.) provides that 'when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all'. The interest of the numerous beneficiaries of the voting trust was collective and not separate. There is therefore presented an appropriate case for the application of the exception to the rule that all persons interested should be made parties."

█ Furthermore, the superior court as a court of general jurisdiction is presumed to have jurisdiction over a particular cause. It is not necessary to plead affirmatively the facts showing jurisdiction, but lack of jurisdiction must be affirmatively shown. (*Cheney* v. *Trauzettel,* 12 Cal. (2d) 158 [69 Pac. (2d) 832].)

█ Finally we fail to see wherein appellant, as trustee, is an interested party or a party aggrieved by the judgment herein.

The complaint, the answer and the findings of the court merely establish that appellant was sued in her capacity as trustee of K, L, and N Trusts. As such trustee she has no individual right to the property belonging to the *corpus* of the trust but holds only such title as is necessary to the discharge of her duties as trustee. (*Title Ins. & Trust Co.* v. *Duffill,* 191 Cal. 629 [218 Pac. 14].)

From a study of the record and briefs as presented, we find no error, and the judgment appealed from should be affirmed. It is so ordered.