[Civ. No. 5388.   Fourth Dist.   May 16, 1957.]

GULIO FANUCCHI et al., Appellants, v. COBERLY-WEST COMPANY (a Corporation) et al., Respondents.

Vizzard, Baker & Sullivan, Walch & Griswold and W. A. McGugin for Appellants.

Borton, Petrini, Conron & Brown and Jack W. Bradley for Respondents.

Kenneth G. Avery, Avery, Meux & Gallagher, Ray J. Coleman, Edwin A. McDonald, Jr., and Coleman & McDonald as Amici Curiae on behalf of Respondents.

BARNARD, P. J.—This action was brought by 18 plaintiffs, on behalf of themselves and all other growers similarly situated, against a ginning company and its agents, to recover for a portion of the cottonseed derived from cotton delivered by the growers to the defendants over a period of years, for the purpose of ginning and processing the cotton and accounting for the proceeds. After separating the cotton lint from the cotton seed in each grower's cotton, the defendants weighed each grower's lint and accounted therefor. However, each grower's cottonseed was not separately weighed, but the seed coming from all the growers was commingled and weighed as a whole. The defendants fixed the amount of cottonseed to be attributed to each grower by using an arbitrary formula, without regard to the actual weight of the seed in each grower's cotton, and on that basis statements and payments were made to each grower. This action is based on the theory that by this method of accounting to the respective growers for their cottonseed, the amounts paid to each grower for his cottonseed were erroneous, and that a large "overage" of cottonseed remained which the defendants retained for their own use and for which the growers have never been paid.

The defendants interposed a demurrer to the second amended complaint setting up a general demurrer, and a special demurrer in which 13 grounds were separately stated. After a hearing on the demurrer the court expressed the opinion in writing that since the alleged misconduct of the defendants was the product of innumerable transactions, it could not be the subject of a class action; that while it is true that the "overage" of the grower's cottonseed, "for which they have not been compensated," has been commingled by the defendants into a "fungible mass," the possible defenses as to each transaction are so numerous that a trial as a class action would be intolerable; that "if the class action will not lie, then the causes of action of the various plaintiffs have not been separately stated"; and that the question as to whether this was a proper class action should be finally settled (by a suggested appeal) before proceeding with the

trial. An order was then entered that the special demurrer was sustained on the grounds of misjoinder of parties plaintiff, failure to separately state causes of action, and want of capacity to sue, with ten days leave to amend; that the general demurrer and the special demurrer as to all other grounds was overruled; and that a motion to strike was ordered off calendar. In ordering the entry of this order the court said: "In making the foregoing rulings I have passed only on the question of the right of the plaintiffs to maintain a so-called 'class action.'" (The grounds of special demurrer which were overruled alleged that the complaint was based on three sorts of contract, without stating whether they were oral or written; that the complaint was uncertain, unintelligible and ambiguous in many respects; and that the action was barred by various statutes of limitation.) The plaintiffs did not amend with respect to the three grounds on which the special demurrer was sustained, within the time allowed, and on motion of the defendants a judgment was entered dismissing the action. The plaintiffs have appealed from that judgment.

Briefly stated, the complaint alleges the following facts, among other things: that the plaintiffs complain on behalf of themselves and of all other growers in Kern and Tulare Counties who had cotton ginned by the defendants; that the name and address of each and every such grower is set forth in the books of the defendants and can definitely be ascertained therefrom; that the members of the class, exceeding several hundred, are so numerous that it is impractical to bring them all in individually; that proof of a common or single state of facts will establish the right of each member or grower to recover; that there are no records or means of ascertaining the amount of cottonseed overage which should be attributed to any one grower, except by use of said common set of facts; that the questions of fact and law involved are identical for each of said growers and affect each and every grower in the same manner; that in order for any one of said growers to recover he would have to prove the one common set of facts; that the defendants intermingled the cottonseed coming from the cotton delivered to it by all the growers into a mass of fungible goods, and each grower became an owner of his pro rata share thereof along with each and every other member of the class; that all of said growers produced the same variety of cotton by use of uniform methods of cultivation and harvesting; that the defendants used a uniform method of determining the amount of cottonseed in the cotton

delivered to it by each of said growers; that the cottonseed of any one of said growers was never weighed or sampled; that after the defendants commingled the seed of each grower with that of every other grower, without weighing or sampling any of it, there was no way or means of determining the exact amount of seed delivered by or belonging to any one of them; that any distribution among the growers must be on a pro rata basis; that each year each grower was given gin statements purporting to contain the actual weight of his cottonseed, which purported weight had been arbitrarily fixed by the defendants at an amount less than the true weight; that in each of the years in question the named plaintiffs and hundreds of other growers delivered their cotton to the defendants to be ginned by them; that said cotton, including the cotton seed therein, was owned by the grower who delivered it to said gins; that in processing said cotton the defendants weighed and kept separate the lint of each grower from that of every other grower; that the cotton seed of each grower was never weighed, and was intermingled with the cotton seed of every other grower; that the intermingled mass of cottonseed belonging to all of said growers was weighed and records of such weights were kept in defendants' books; that the ownership interest of each grower in the intermingled mass of cotton seed varied in direct ratio to the whole of said mass, as the amount of cotton delivered by each grower bore to the whole of the cotton delivered by all growers; that the only possible means of determining each grower's interest in this commingled mass of cotton seed is by determining the total amount of cotton seed coming from the cotton delivered by all of said growers, and dividing it among all of the growers on a pro rata basis; that all of said ginning process took place out of the presence of the growers; that in violation of section 1299.19 of the Agricultural Code the defendants did not weigh said cottonseed before it was intermingled with that of other growers, and made or kept no record of the weight of the cottonseed delivered by any one of said growers; that the defendants not only intermingled the cottonseed of each grower at each gin but mingled the seed from several gins into a large mass of cotton seed at central places of storage and processing; that during each year the defendants issued gin statements to each grower purporting to show the weight of the cotton seed delivered by him; that these reported weights were inaccurate and erroneous, and consistently less than the actual weight of the cotton seed delivered by said

growers; that the defendants knew this at all times and knew that the cotton seed was not weighed before it was intermingled; that said growers had had no knowledge of and no way of ascertaining whether or not the weight of cotton seed as set out in the gin statements given them by the defendants were correct; that each of said growers delivered his cotton to the defendants as his agent for the purpose of ginning it and selling said lint and cotton seed on his behalf, and the defendants so received it; that the defendants ginned said cotton and sold both lint and cotton seed on behalf of said growers or purchased it for their own interest; that the defendants paid the growers only for the weight of the cotton seed as set out in said gin statements, and kept all excess over such amounts; that the defendants were thus unjustly enriched at the expense of said growers, and they hold said overage or excess amounts of cotton seed as the constructive trustee of said growers; that the weight of cotton seed delivered by said growers exceeded by 10 per cent the amount of cotton seed set out in the gin statements; that the defendants have thus retained 30,000 tons of cotton seed, or the proceeds thereof, as a constructive trustee for said growers; and that the reasonable value of the cotton seed thus retained by the defendants is $2,200,000. The prayer is that the defendants be declared constructive trustees of said mass of intermingled cotton seed for the benefit of the plaintiffs insofar as said ''overage'' is concerned; that the defendants be ordered to restore said excess or the reasonable value thereof to the plaintiffs or to a receiver, to be distributed to the plaintiffs in accordance with their respective interests; and that a receiver be appointed to take charge of said cotton seed or its reasonable value, to notify all members of said class of the judgment, to ascertain the pro rata interest of each of the plaintiffs and said growers in said cotton seed or the money received in lieu thereof, and to distribute the same among the growers according to their interests therein.

The appellants contend that this is a proper class action; that the identity of each member of the class is known and ascertainable; that each has a community interest in the common questions of law and fact which affect the rights of each of them; that the only real issue is as to whether or not there is any such overage for which the growers have not been paid; that it requires proof of a common set of facts to prove the basic fact and to establish the pro rata share of each grower; that individual suits would be too costly to be justified

and if a class action is not permitted the entire amount will be lost to these growers, to whom it rightfully belongs; that there is no misjoinder of parties plaintiff; that only one cause of action has been stated; that the gravamen of the action is a breach of a fiduciary duty imposed by law, and not one dependent upon contract; and that once the common questions of law and fact are determined in such a class action the members of the class who wish to participate can, after notice, file their claim and the defendants may then assert and have determined any defense they may have as to the claim of any particular grower.

The respondents first contend that the special demurrer was properly sustained on the three grounds mentioned, because the complaint contains several causes of action which are not separately stated. It is argued (1) that in alleging a commingling of the cotton seed there is an attempt to plead an action for replevin or one for conversion; (2) that in alleging a constructive trust based on a violation of section 1299.19 of the Agricultural Code there is an attempt to allege a cause of action for breach of contract for purchase and sale; (3) that in alleging misrepresentations there is an attempt to allege an action in tort for fraud; (4) that in alleging the violation of a fiduciary relationship arising from agency there is an attempt to allege an action on quasi-contract; and (5) that some of the allegations are appropriate to an accounting action. In brief, it is contended that an effort is made to combine a tort action for fraud, a tort action for conversion, a replevin action, a contractual action, a quasi-contractual action and an accounting action, without separately stating them.

It is next contended that the special demurrer was properly sustained on the three grounds, since this is not a proper class action. In this connection it is argued (1) that there was no community of interest in the questions of law and fact between these parties because the facts necessary to prove their individual right to a recovery would vary with respect to their rights under separate contracts, their knowledge of and reliance on statements made, and whether or not they had consented to the acts of the defendants; (2) that there is not the required ascertainable class since the rights of each grower are dependent upon facts applicable only to him; (3) that the rule established by such cases as *Barber* v. *California Emp. Stab. Com.*, 130 Cal.App.2d 7 [278 P.2d 762]; *Weaver* v. *Pasadena Tournament of Roses Assn.*, 32 Cal.2d 833 [198

P.2d 514]; *Watson* v. *Santa Carmelita etc. Co.*, 58 Cal.App. 2d 709 [137 P.2d 757]; and *Carey* v. *Brown*, 58 Cal. 180 is that a class action will lie if a defendant by his acts simultaneously creates rights in a group of other people, but that such an action will not lie if such rights are created through separate transactions between a defendant and the members of such a group, even though such transactions are similar in type and nature; and (4) that the class of growers here in question were not united in a desire to prosecute this action, as shown by the affidavit of one Jackson.

Finally, the respondents argue that the court erred in failing to sustain the special demurrer on the grounds of uncertainty, ambiguity, unintelligibility, statutes of limitation, and the failure to allege whether the contracts were written or oral.

It clearly appears that the special demurrer was sustained in three respects on the theory that this was not a proper class action, and that each grower's cause of action should be separately stated. Since the basic facts, which were common to all growers, would thus have to be realleged hundreds of times this would have been as cumbersome as it is illogical, and it would have increased rather than lessened the time and work difficulties of which the court expressed fear. In practical effect, that very situation constitutes a good reason why a class action should be permitted. The grounds of demurrer that were sustained would not be sustainable if this be a class action. The same is true of the failure to "separately state causes of action" in the sense it was taken and passed upon by the court.

This complaint does not contain several distinct causes of action not separately stated, as the respondents contend. ■ As stated in 1 Cal.Jur.2d 650, "If an action is brought to enforce a single right violated by the defendant, the complaint states but a single cause of action, regardless of the number of types of relief sought." As well recognized, there is a marked difference between a cause of action and the legal theory or theories upon which a recovery might well be based. ■ The statement of a set of facts disclosing a primary right in a plaintiff and a primary duty which the defendant has breached constitutes but one cause of action, regardless of the fact that several legal theories would support a recovery by the plaintiff. ■ The complaint here alleges a set of facts showing the existence of an agency between these growers and the defendants, with a correspond-

ing duty upon the defendants to deal honestly with each of said growers and to make to each a full disclosure of all the facts; that this duty was breached by the failure to weigh or to account for all of the cotton seed of each grower, and by the failure to disclose to the growers that part of this cotton seed was being taken by the defendants; and that the defendants thus made a secret profit, or acquired property entrusted to them, without disclosing the real facts to the growers. The only real issue is as to whether such an overage actually exists for which no account has been rendered and for which the growers have not been paid. Only one cause of action is alleged, this being for a breach of a fiduciary duty imposed upon an agent by law and giving rise to a constructive trust. ██ A class action lies to enforce a constructive trust. (*Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441].) ██ The complaint may not properly be construed as attempting to combine tort actions with various forms of contractual and other actions.

██ The controlling question here is whether or not this action could properly be prosecuted as a class action. There can be no question that there was a sufficient community of interest in questions of law and fact between these parties, and that there was an ascertainable class, as required by *Weaver* v. *Pasadena Tournament of Roses Assn., supra, Barber* v. *California Emp. Stab. Com., supra,* and other cases. The basic facts necessary to establish liability on the part of the defendants were all exactly the same with respect to each grower, and would have to be established by each grower if he sued separately. Since the cotton seed was mingled, with no records kept as to the weights applicable to any particular grower, a recovery by any grower would have to be on a pro rata basis, the main foundation for which would also be applicable to each and every grower. While the recovery of each grower would have to correspond with the weight of the cotton delivered by him to the gin, that is a matter of record and the amount of each grower's recovery could easily be ascertained by mere mathematical computation. (See *Adams* v. *Albany,* 124 Cal.App.2d 639 [269 P.2d 142].) If, as the respondents suggest, the defendant might have a defense as to a particular grower, such as the fact that he actually knew of and consented to the method by which he had been partially paid for his cotton seed, that situation could well be cared for in this action with fairness to both parties.

We are unable to agree with respondents' contention that the Barber case, the Weaver case, and the other cases cited have established a rule that a class action will lie only where a defendant by one set of acts has simultaneously created rights in a group of other people. Those cases and other cases have established that the basic requirements of a class suit are: that there must exist a well defined community of interest in questions of law and fact between those bringing the suit and those claimed to be represented, and that it is brought in behalf of a definite ascertained or ascertainable class. Those requirements are met here. In the Weaver case (32 Cal.2d, at p. 839) the court listed a number of typical cases in which a class suit had been held proper. The essential element in such cases would seem to be the existence of a trust fund, a common fund of some sort, or a common property interest in which all of the parties were interested, and not whether such rights or interests came into existence through, or were conferred by, one simultaneous set of acts instead of through a series of acts creating a common interest in all members of a group. This case involves not a series of different acts as affecting each grower, but a series of exactly similar acts affecting all of the growers. Whether the primary wrong for which redress is sought is the result of one act simultaneously affecting all of the growers, or whether it results from a series of similar acts which affect such persons in the same way, is not the controlling element. In either case, the result is the same insofar as the interest of each grower is concerned and with respect to his right to relief. No good reason appears why the fact that the common fund here in question came into existence through several transactions rather than through one transaction simultaneously affecting all of the growers should, in itself, defeat the right to a class action where the other necessary elements are present. The allegations of the complaint, which must be taken as true, clearly show that there was an intermingling of this cotton seed so that it was impossible to segregate the interests of the various growers therein, and that there was a common ownership by this class of growers in the common fund or property which was withheld by the defendants. It has frequently been held that a suit by one or some of the beneficiaries of a fund or of property, established or existing for the benefit of many beneficiaries and based on their common interest, is a proper class action. (*Farmers etc. Nat. Bank* v. *Peterson,* 5 Cal.2d 601 [55 P.2d 867]; *Moore* v.

*Bowes,* 8 Cal.2d 162 [64 P.2d 423]; *Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441]; *Mitchell* v. *Pacific Greyhound Lines,* 33 Cal.App.2d 53 [91 P.2d 176]; *Peterson* v. *Donelley,* 33 Cal. App.2d 133 [91 P.2d 123]; *Baumann* v. *Harrison,* 46 Cal. App.2d 84 [115 P.2d 530].) ■ Under the general principles applied in these and other cases, the courts should not be powerless to protect this large class of growers because the situation disclosed does not involve one simultaneous act affecting all of these growers but, on the other hand, discloses a systematic course of dealing in exactly the same manner which affects each of the growers in the same way as it affects the others, and which has resulted in the withholding of a common fund in which all are interested.

■ There is no merit in respondents' contention that a class action would not lie here since it appears from the affidavit of one Jackson that at least one-third of the farmers who did business with the defendants have signed affidavits stating that they did not wish to be a part of the class which the named plaintiffs purport to represent. This affidavit by Jackson, who is an officer of the defendant corporation, states that the corporation has secured affidavits from 175 growers, being about one-third of all growers who delivered cotton to the corporation during the year 1955, stating that they "know" that a formula was used to determine the weight of their cotton seed and that this was not an exact weight; and that they do not "claim any fraud in regard to the use of this formula by Coberly-West Company." This leaves 350 growers for that season who did not sign such an affidavit, and presumably others for other seasons. In any event, the statement of these growers that they now know that a formula was used, and that they do not claim fraud in the use thereof, does not show that they waived their other rights, that they do not want to be paid, or that they are unwillng to be a part of the class for the benefit of which the suit was brought. If they do not want to be paid they need not claim their share of any recovery which may result, but they may not thus defeat the right of the remaining growers to maintain a class action the members of which would still be definitely ascertainable.

Little need be said with respect to the respondents' contention that the special demurrer should have been sustained on other grounds. No appeal has been taken by these respondents. ■ A demurrer for uncertainty will not lie where the ambiguous or uncertain facts alleged are presumably

within the knowledge of the demurring party. (*Merlino* v. *West Coast Macaroni Mfg. Co.*, 90 Cal.App.2d 106 [202 P.2d 748] ; *Schessler* v. *Keck*, 125 Cal.App.2d 827 [271 P.2d 588].) It clearly appears that no statute of limitations was a bar to the entire action, and if any such statute was applicable to any part of the claim of any individual grower, that matter may be cared for at the proper time. ■ The failure to allege whether a contract was written or oral is not a ground for demurrer where, as here, the action is not founded upon a contract. (Code Civ. Proc., § 430, subd. 10.)

■ This is not a tort action involving separate torts as to different persons, and it is not a case where the right of each member of a class to recover is dependent upon facts which are applicable only to him. All basic facts necessary to establish liability are the same, each grower would have to show what happened to all other growers in order to recover for himself, and the amount that may be due to each member of the class can be determined as easily as in any case involving numerous interests in a common trust fund. This case does not involve a series of acts each of which affected any one grower alone. It involves a series of acts each of which affected a large number of growers and which together affected all of the growers in this class. In practical effect, it involves the right of each and all of the members of this class to recover his proper share of one common fund which the defendants have wrongfully withheld from them all. There is a very distinct and clear-cut community of interest in the questions of law and fact involved and affecting all parties, including those to be represented; and the suit is in behalf of a common and joint interest of a definitely ascertainable class in the subject matter of the controversy. We therefore hold that this is a proper class action, and that the special demurrer was erroneously sustained in the respects noted.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 10, 1957. Spence, J., was of the opinion that the petition should be granted.