SHEPARD, J.
 

 This is an appeal from a judgment of dismissal resultant after the court sustained defendant's demurrer to plaintiff’s first amended complaint and plaintiff’s failure to file an amended complaint within the time allowed to amend.
 

 In the original complaint it is alleged that plaintiff is one of 42 nurses who served on the night shift in the Kern County General Hospital during the period from November 1, 1952, to May 17,1956; that during that period of time an ordinance of said county provided $10 per week extra pay for nurses who served on said night shift; that said nurses were not paid said extra pay; that each of said nurses filed claims therefor with the board of supervisors as provided by law; that said claims were rejected; that the question to be decided by this action is one of common and general interest to all general duty nurses in said hospital; that each of the other 41 claimant nurses have authorized the action in their behalf; that said 42 nurses suffered an aggregate damage of $11,843. The complaint prays judgment in that sum. After defendant’s demurrer was sustained to this complaint, plaintiff filed her first amended complaint and therein in general substance alleges essentially the same facts, including the filing of claims and the rejection thereof. But she further alleges in the new complaint that there are no records to establish the amount each nurse should recover; that the amount due each nurse can be proved by a common set of facts; that defendant was required to set up a fund to pay said nurses; that such fund is in the general fund of the county and is sufficient to make such payments; that each nurse owns a pro rata portion of said funds; that the only means of determining each nurse’s exact interest is by finding the total number of night shifts, the total number of nurses working night shifts, and dividing the fund among the nurses on a pro rata basis. She then alleges
 
 *3
 
 unjust enrichment to defendant by reason of nonpayment, and that the defendant has become “a constructive trustee of said nurses” (probably meaning a constructive trustee for said nurses of the alleged common fund). She prays declaration that the defendant is a constructive trustee of the
 
 funds;
 
 that she be appointed trustee thereof for the nurses she represents; and that she be authorized to ascertain the amounts due each nurse and distribute the fund to them.
 

 The demurrer to this first amended complaint was on the grounds of lack of legal capacity of plaintiff to sue, defect or misjoinder of parties, several causes of action not separately stated, insufficiency of facts stated to constitute a cause of action, and ambiguity and uncertainty as to whether or not the cause of action is equitable or legal in nature.
 

 On September 8,1958, demurrer was sustained, and plaintiff allowed until October 31, 1958, to amend. November 12, 1958, pursuant to notice, defendant moved to dismiss for failure to amend the complaint within time, and judgment of dismissal was entered the following day. Plaintiff appeals.
 

 The primary question here presented is whether or not this plaintiff has properly alleged facts to show the existence of a constructive trust so as to give her the right to maintain an action in a representative capacity for all other claimants allegedly having an interest therein. Appellant cites in support of her contention that this is a proper ease for a representative action on the constructive trustee theory, three authorities, i.e.,
 
 Fanucchi
 
 v.
 
 Coberly-West Co.,
 
 151 Cal.App.2d 72 [311 P.2d 33];
 
 Weaver
 
 v.
 
 Pasadena Tournament of Roses,
 
 32 Cal.2d 833 [198 P.2d 514]; and
 
 Barber
 
 v.
 
 California Emp. Stab. Com.,
 
 130 Cal.App.2d 7 [278 P.2d 762], Her complaint follows quite closely the general structure of the pleadings in the Fanucchi case and the intent of the pleader is quite clearly shown by paragraph VII of the first amended complaint, which reads as follows:
 

 “By failing to pay said nurses said night shift differential pursuant to law, as aforesaid, defendant was unjustly enriched at the expense of said nurses and it holds said earnings as a constructive trustee of said nurses.”
 

 In her prayer she prays for:
 

 “1. An order of this court declaring defendant to be constructive trustee of said night shift differential payments which, by the terms of said Section 967 are due by law to plaintiff and to those whom she represents.
 

 “2. An order of this court appointing plaintiff trustee of
 
 *4
 
 that amount due by law to plaintiff and those whom she represents, to notify all members of said class of the judgment, to ascertain the pro rata interest of each of said nurses and to distribute to each of said nurses the amount due each by law.
 

 “3. An order of this court requiring defendant to pay to plaintiff, for herself and all those whom she represents, said night shift differential payments owed by law to plaintiff and all others similarly situated.”
 

 The Fanucchi case involved a complaint to establish on behalf of several hundred growers a constructive trust in monies derived by the ginning company through an arbitrary short weight scheme through which growers were fraudulently deprived of pay for their cottonseed. There was no record of weights for any individual farmer on the cottonseed and the ginning company was alleged to have thus made a secret profit through breach of its fiduciary duty as an agent. The Weaver ease involved the refusal of the Supreme Court to permit a representative action on behalf of certain persons refused tickets to the annual Rose Bowl Game because they lacked community of interest. The Barber case involved a refusal by the appellate court to apply representative actions to unemployment benefit
 
 claimants;
 
 likewise due to lack of community of interest.
 

 Appellant cites no authority and we have found none authorizing the application of the theory of “unjust enrichment” and “constructive trust” to the general fund of a county on an ordinary debt for alleged unpaid wage items. We have here a simple ease of alleged unpaid wages from a county to its employees. Claims therefor were filed with the board of supervisors, and rejected. Apparently plaintiff seeks to avoid, in part at least, the statute of limitations as to some or all of these claims by adopting a theory of the establishment of a constructive trust. There is no suggestion that this is not an action to recover payment for personal services nor that the remedy provided by law is inadequate. Under such conditions equity will not intervene.
 
 (Smith
 
 v.
 
 Bliss,
 
 44 Cal.App.2d 171, 177 [6] [112 P.2d 30];
 
 Murdock
 
 v.
 
 Swanson,
 
 85 Cal.App.2d 380, 384 [193 P.2d 81];
 
 Tompkins
 
 v.
 
 Hoge,
 
 114 Cal.App.2d 257, 264 [250 P.2d 174].)
 

 There is no allegation from which it adequately appears that defendant acquired the funds in question from plaintiff or from a third party for plaintiff by fraud, accident, mistake, violation of trust or other wrongful act, nor that defendant was guilty of any breach of confidential relations.
 
 *5
 
 (Civ. Code, § 2224;
 
 Smith
 
 v.
 
 Bliss, snyra,
 
 p. 177.) "Constructive trusts” are “fraud rectifying” trusts and not “intent-enforcing” trusts.
 
 (Johnson
 
 v.
 
 Clark,
 
 7 Cal.2d 529, 533 [1] [61 P.2d 767].)
 

 It is clear from the foregoing that no “constructive trust” exists. Defendant demurred on the ground of ambiguity and uncertainty whether or not plaintiff intended an equitable action or a straight action at law. The demurrer was sustained on all grounds. We think the only cause of action even attempted to be alleged is one for the establishment of a constructive trust which is an equitable action, but even if we could hold that the action might be construed to be an action at law, the very least that could be said on behalf of the complaint would be that it was ambiguous in that respect. Thus the demurrer for ambiguity would have been good in any event and the failure to amend under the conditions set forth would have been fatal and would have authorized a dismissal.
 

 In view of the foregoing, other points raised by appellant need not be discussed.
 

 The judgment is affirmed.
 

 Griffin, P. J., and Coughlin, J., concurred.