[Civ. No. 25531. Second Dist., Div. One. Dec. 12, 1961.]

WHITNEY H. SLOCOMB et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

Cryer & Jones, George E. Cryer and Roger Alston Jones for Plaintiffs and Appellants.

William A. Ross as Amicus Curiae on behalf of Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and Walter Carrington, Deputy City Attorneys, for Defendants and Respondents.

WOOD, P. J.—Defendants' demurrer to the third amended complaint was sustained with leave to amend. Plaintiffs failed to amend within the time allowed, and a judgment of dismissal was entered. Plaintiffs appeal from the judgment.

It may be stated generally that plaintiffs' principal point is that they, as civil service employees assigned to duties at the receiving hospital of defendant city, rendered "overtime" services during the past 19 years without compensation, and that they rendered such services without compensation by reason of false representations of defendants that plaintiffs were not entitled to overtime compensation, and that as a result thereof the accrual of such unpaid compensation in the city treasurer's office constitutes a trust fund which the city holds for the benefit of plaintiffs.

The third amended complaint alleged in substance, as follows:

1. The City of Los Angeles is a municipal corporation existing under a charter adopted pursuant to the laws of California. The receiving hospital department is a department of said city government. Defendant Sebastian is the superintendent and administrator of said department. Plaintiffs are members of the operating staff of employees and are civil service employees of defendant city.

2. On July 1, 1941, and since that date, there were and now are in force and effect ordinances of defendant city establishing an eight-hour day and a five-day, 40-hour week for all employees of the city, including the employees of the receiving hospital, and providing that, except in cases of emergency involving public peace, health and safety, no employees of said city shall be required to work in excess of said eight-hour day or said five-day, 40-hour week, or Saturdays, Sundays or holidays, without express authorization of the city council, specifying the method of compensation therefor, first having been obtained, and providing further that any work in excess

thereof shall be deemed "overtime" and wages or compensation for such overtime work shall be one and one-half times the rate of pay for regular time.

3. Since the enactment of said ordinances, defendants wrongfully and persistently have denied that said ordinances apply to employees of defendant city, working in its receiving hospital department; have denied that said employees are entitled to a five-day, 40-hour week, established by the ordinances; have denied that said employees are entitled to exemption from work on Saturdays, Sundays and holidays, created by said ordinances; and deny that said employees are entitled to any benefits of said ordinances.

Defendants insist that by reason of the fact that the receiving hospital operates continuously 24 hours per day and 365 days per year, it is impossible to so adjust its working schedule as to permit said employees to have the working hours and exemptions provided in the ordinances. Acting upon said premise, the defendants Sebastian and city, ever since the enactment of said ordinances have wilfully and knowingly ignored their requirements in operating the receiving hospital department, and have wilfully required the operative employees of that department to work on Saturdays, Sundays and holidays, knowing that said defendants have no legal right to make such requirement; and since the enactment of said ordinances, said employees have worked hundreds of Saturdays, Sundays and holidays. Defendants wrongfully have required said employees to work in excess of the 40-hour week established by said ordinances; and each of said plaintiffs has worked overtime for hundreds of days since the enactment of said ordinances, and while said ordinances were in force and effect.

Defendants have never paid plaintiffs or their associates or accounted to them for said overtime work or for any part thereof and, on the contrary, defendant city has wrongfully detained, withheld and kept in its treasury the whole amount of the overtime pay earned by plaintiffs and their fellow employees, since the enactment of said ordinances, though plaintiffs have often demanded of defendants that they account and pay for said overtime work. The fund, with which to pay plaintiffs and said other employees for said overtime, and now wrongfully detained, constitutes and is a trust fund, held by defendants for the benefit of said employees. Defendants are trustees of such fund and all accruals of compensation for labor wrongfully taken from plaintiffs by defendants.

4. Defendants, knowingly and designedly, in order to defraud the employees of their time and labor, did, on July 1, 1941, and for 19 years thereafter, knowingly represent to said employees that they were not entitled to any of the limitations upon days and hours of work provided in said ordinances and that said ordinances have no application to the receiving hospital department and that the superintendent of said receiving hospital, notwithstanding said ordinances, has had and retained the right and authority to require such employees to work in excess of five days per week, in excess of forty hours per week, and on Saturdays, Sundays and holidays. Defendants knew the falsity of such representations made to plaintiffs, as aforesaid.

5. Pursuant to said false and fraudulent representations made to plaintiffs, and in order to defraud plaintiffs, the defendants did, on said July 1, 1941, require and ever since said date have continued to require plaintiffs, and all other employees of said hospital department, to work seven days per week and on Saturdays, Sundays and holidays contrary to the provisions of said ordinances, knowing that such requirement was illegal and fraudulent.

6. Section 484 of the Penal Code provides that taking labor of workers by fraud in the manner that the labor of these plaintiffs was required and taken from them by the defendants renders the ''defendant takers'' guilty of theft, and said section provides that the labor so taken by theft is stolen property and the accruals of compensation therefor must be accounted for by the taker at the contract price or going wage therefor. Under the terms of said statute the city and the defendant officers and agents are guilty of having committed, during each week of the 19 years last past, the crime of grand theft. The accruals of wages and compensation for the amount of labor fraudulently and feloniously taken and stolen from plaintiffs during the 19 years constitutes, and is, a trust fund under section 2224 of the Civil Code, and should be declared and established as such trust fund, and in accordance with said section, it should be decreed that defendants are involuntary trustees of said fund for the benefit of plaintiffs.

7. Plaintiffs did not know and did not discover until a few days prior to the filing of this action that the wrongful taking of the workers' labor by their employer by fraud rendered the accumulated accruals of compensation for such labor a trust fund, and made the employers trustees of the fund for the benefit of the employees victimized by such fraud. Plaintiffs

did not discover that their labor had been stolen by their employers "by fraud amounting to theft" until after suit had been filed herein. After such discovery plaintiffs immediately filed an amended complaint setting up the long series of actions of theft of which they had been made the victims, and demanding that it be decreed that defendants are trustees of the stolen property.

Plaintiffs were fully aware of section 376 of the charter of the city but they refrained from presenting claims under said section for the reason that the pending action is not an action at law upon a claim for money, but is a proceeding in equity to establish a trust resulting from fraud and theft.

The prayer of the third amended complaint is for a decree establishing as a trust fund the total amount of accruals of compensation wrongfully retained by the defendants and their officers and agents as statutory involuntary trustees for employees of the receiving hospital department.

Defendants demurred on the grounds that: the third amended complaint does not state facts sufficient to constitute a cause of action; misjoinder of parties defendant; several causes of action have been improperly united and not separately stated; the alleged cause of action did not accrue within three years next preceding the filing of the action; the alleged cause of action is barred by laches; the complaint is uncertain in that it cannot be ascertained therefrom (1) when the ordinance referred to was adopted or which ordinance is the one under which plaintiffs claim a right, or (2) how long plaintiffs were required to work overtime or what amounts they should have been paid, or (3) what was the value of any stolen property or what was the amount of alleged accruals of compensation.

The court did not specify the ground or grounds upon which the demurrer was sustained.

Appellants assert that they had an election whether to proceed in an action at law to recover a money judgment for unpaid wages or to proceed in equity to obtain a decree declaring that defendants are trustees of a wage trust fund for the benefit of plaintiffs, which fund, consisting of the accruals of wages for overtime work performed by appellants, is now held in the treasury of defendant city.

As above stated, the complaint alleged in part that the defendant city has in its treasury the whole amount of the overtime pay earned by plaintiffs and their fellow employees since the enactment of said ordinances; and that the

fund with which to pay the plaintiffs and their employees is a trust fund for the benefit of plaintiffs and the other employees. It is not alleged expressly that an amount of money designated by the city as overtime pay for hospital employees was set aside by the city as a fund for the benefit of such employees.

One theory of appellants, with respect to the asserted creation of the trust relationship fund, is that the trust relationship arose by reason of fraudulent representations by the defendants to the effect that the ordinances with respect to limited working hours were not applicable to the hospital employees, and that those employees were not entitled to overtime pay.

Another theory of appellants, with respect to the creation of the asserted trust relationship, is that the trust relationship arose because the defendants were guilty of theft in fraudulently taking and receiving the overtime work of the employees.

There was no allegation that any confidential relationship existed between the employers and the employees; nor an allegation that appellants believed the alleged fraudulent representations or relied thereon. The representations as to whether the provisions of the ordinances were applicable to the employees, and whether the employees were entitled to overtime pay, pertained to questions of law. [██ The allegations to the effect that defendants violated section 484 of the Penal Code and were guilty of theft are conclusions of law. It is to be noted that appellants alleged they did not discover until a few days prior to filing this action that the taking of their work, in the manner alleged (by fraud and theft), rendered the accumulated accruals of unpaid compensation a trust fund. That allegation is to the effect that appellants did not discover, until shortly before commencing the action, what the law was with respect to such alleged fraud, or "theft of labor." It was also alleged that pursuant to said false representations and in order to defraud plaintiffs, the defendants required plaintiffs to work seven days per week and on Saturdays, Sundays and holidays, contrary to the provisions of the ordinances, knowing that such requirement was fraudulent. It is not sufficient to allege fraud in general terms or in terms which amount to mere conclusions. (*Hannon* v. *Madden,* 214 Cal. 251, 267 [5 P.2d 4] ; *Jenner* v. *Covina,* 164 Cal.App.2d 490, 501 [331 P.2d 176].)

 The action herein is for the recovery of money in

excess of the amount that has been paid and accepted. Sufficient facts have not been alleged to constitute a basis for an action in equity for such recovery on the theory that the defendants are trustees of a constructive trust fund for the benefit of appellants.

It appears that the primary purpose of the action is to recover money for services rendered. Appellants concede that they did not comply with the charter provisions (§§ 363 and 376)[1] to the effect (1) that a claim against the city for money shall be filed with the city clerk, and (2) that no suit shall be brought on such a claim until a demand for the same has been presented, as provided therein, and rejected in whole or in part. They have alleged that they were aware of said section 376 but they refrained from presenting claims because this is a proceeding in equity and is not an action at law for money.

In *Scott* v. *City of Los Angeles*, 85 Cal.App.2d 327 [193 P.2d 25], wherein the complaints (in two companion cases) were designated as complaints ''For Accounting in Equity,'' the plaintiffs, who were a city fireman and a city policeman, had agreed to a reduction in their salaries upon representations by the city that there was not sufficient revenue to pay full salaries without reduction in personnel. The plaintiffs therein sought recovery of the amount which had been deducted from their salaries under such agreement. The theory of their actions was that the representations were false and as a result the city was trustee of a trust fund for the benefit of plaintiffs.

---

[1]Section 363 of the charter of defendant city provides, in part: ''Every claim for money or damages against the city, or any officer . . . thereof, except [exception not material here] . . . shall be filed with the City Clerk, who shall thereupon present the same to the board, officer or employee authorized by this charter to incur or pay the . . . alleged indebtedness or liability represented thereby. In all cases such claim shall be approved or rejected in writing. . . . Failure to act upon any claim or demand within ninety (90) days from the date the same is filed with the City Clerk shall be deemed to be a rejection thereof. . . .''

Section 376 of the charter provides: ''No suit shall be brought on any claim for money or damages against the City of Los Angeles, or any officer . . . of the city, until a demand for the same has been presented, as herein provided, and rejected in whole or in part. If rejected in part, suit may be brought to recover the whole. Except in those cases where a shorter period of time is otherwise provided by law, all claims for damages against the city must be presented within six (6) months after the occurrence from which the damages arose, and all other claims or demands shall be presented within six (6) months after the last item of the account or claim accrued. Nor shall suit be brought against said city . . . or any officer thereof, upon any claim or demand that has been in whole approved and audited as provided herein. . . .''

The trial court found that the representations were true, and rendered judgment for the city. In affirming the judgment, the reviewing court said (p. 330): "Appellants' brief seeks to distinguish the present case, based upon a trust theory, from actions of debt or assumpsit to directly recover unpaid salary. Indeed, appellants submit that the theory here adopted is 'A new approach to an old problem . . . an entirely new method by which a long standing wrong, flagrantly fraudulent in its nature, may be righted in entire accord with established principles of law and equity.' But, obviously, calling something by a different name does not change its inherent nature, nor can mere terminology create so-called legal rights where no such rights exist. Such appears to be the situation in the instant litigation." It was also said therein (p. 331): "The trial court also found that appellants' causes of action were barred by the statutes of limitations, laches, and failure to file claims in compliance with the city charter. The salary waivers involved herein, encompassed the period between 1932 and 1936; appellants' complaints were filed in 1944; it is not alleged that the charter provisions in reference to filing claims were complied with. As hereinbefore indicated appellants insist that the present actions are not for money, but 'are actions in equity to establish fiscal year funds,' alleging that 'respondent city is a trustee of the huge balances of revenue resulting from the collection of' delinquent taxes. However, it is true, as said in respondents' brief, that 'No matter what appellants denominate their respective actions, or the theory on which they rely, the fact is obvious that what is sought is recovery of a sum of money representing the difference between their salaries at rates fixed by ordinance and what they actually received.' Although perhaps ingenious in concept, the trust theory here advanced is, so far as the present controversy is concerned, without basis either in law or in fact. If appellants possessed any cause of action, the same is, as found by the trial court, long since barred by limitation and laches. Any other conclusion than that here reached, would, in the language of the findings, result in 'serious detriment . . . to the City of Los Angeles due to the confusion that would be caused in the annual financing of the city government.' "

In *Gama v. County of Kern*, 179 Cal.App.2d 1 [3 Cal.Rptr. 380], the appeal was from a judgment of dismissal after a demurrer to the amended complaint had been sustained. The amended complaint therein alleged that plaintiff and 42 other nurses served on the night shift in the general hospital of the

county for a specified period of time; during said time an ordinance of the county provided $10 a week extra pay for nurses who served on the night shift; the nurses had not been paid such extra pay; they had filed claims for the extra pay with the board of supervisors as provided by law; the claims were rejected; the nurses suffered damages in a specified amount; the defendant county was required to set up a fund to pay them, and that defendant was unjustly enriched by the nonpayment and has become a constructive trustee (of the fund) for the nurses. The prayer therein was for a declaration that defendant is a trustee of the fund. The judgment therein was affirmed. The court said (p. 3): "The primary question here presented is whether or not this plaintiff has properly alleged facts to show the existence of a constructive trust so as to give her the right to maintain an action in a representative capacity for all other claimants allegedly having an interest therein." The court also said (p. 4): "Appellant cites no authority and we have found none authorizing the application of the theory of 'unjust enrichment' and 'constructive trust' to the general fund of a county on an ordinary debt for alleged unpaid wage items. We have here a simple case of alleged unpaid wages from a county to its employees. Claims therefor were filed with the board of supervisors, and rejected. Apparently plaintiff seeks to avoid, in part at least, the statute of limitations as to some or all of these claims by adopting a theory of the establishment of a constructive trust. There is no suggestion that this is not an action to recover payment for personal services nor that the remedy provided by law is inadequate. Under such conditions equity will not intervene. [Citations.]

"There is no allegation from which it adequately appears that defendant acquired the funds in question from plaintiff or from a third party for plaintiff by fraud, accident, mistake, violation of trust or other wrongful act, nor that defendant was guilty of any breach of confidential relations. [Citations.] 'Constructive trusts' are 'fraud rectifying' trusts and not 'intent-enforcing' trusts. [Citation.]

"It is clear from the foregoing that no 'constructive trust' exists."

In *Jefferson* v. *J. E. French Co.*, 54 Cal.2d 717 [7 Cal.Rptr. 899, 355 P.2d 643], a demurrer to the complaint was sustained upon the ground that the action (for unpaid salary as a sales manager) was barred by a two-year statute of limitations. The plaintiff contended that a four-year statute was applicable.

It was alleged in the complaint that the balance due to him could be ascertained only by an accounting. In affirming the judgment, the court said (pp. 718 and 719) : ''Plaintiff argues that his action is essentially equitable in nature and that such actions are governed by the four-year limitation of [Code Civ. Proc.] section 343. But the primary purpose of the action is to recover money under the oral contract, and the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations. [Citations.] The accounting is merely ancillary to the perfection of plaintiff's right under the oral contract, and that aspect of the action should not operate to avoid the effect of a statute prescribing a period of limitation with respect to the right basically in issue.''

Since the appellants failed to file claims as required by said sections 363 and 376 of the charter, the third amended complaint failed to state facts sufficient to constitute a cause of action against the defendant city.

It is not contended that the defendant Sebastian was acting in any capacity other than in his official capacity as superintendent of the receiving hospital. As such official or employee acting within the course and scope of his duties, there was no liability on his part for the payment of money claimed by employees of the city for services rendered. (See *Spencer* v. *City of Los Angeles,* 180 Cal. 103, 116 [179 P. 163] ; *Talbot* v. *City of Pasadena,* 28 Cal.App.2d 271, 274 [82 P.2d 483].)

In view of the above conclusions, it is not necessary to determine other contentions on appeal.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 7, 1962.